# EXHIBIT 1

**WARREN CIRCUIT COURT**
**CIRCUIT DIVISION_____**
**NO. _____**

*<u>Electronically Filed</u>*

**MATTHEW B. IRVIN**                                                                 **PLAINTIFF**

**v.**                                        **<u>COMPLAINT</u>**

**BOWLING GREEN POLICE DEPARTMENT**

>  <u>Serve:</u>  **Any Officer/Manager**
>          **Bowling Green Police Department**
>          **911 Kentucky Street**
>          **Bowling Green, Kentucky 42101**

-and-

**CHIEF MICHAEL DELANEY, IN HIS OFFICIAL**
**CAPACITY AND INDIVIDUALLY**

>  <u>Serve:</u>  **Michael Delaney (Place of Employment)**
>          **Bowling Green Police Department**
>          **911 Kentucky Street**
>          **Bowling Green, Kentucky 42101**

-and-

**CAPTAIN JOHNATHAN VICKOUS, IN HIS OFFICIAL**
**CAPACITY AND INDIVIDUALLY**

>  <u>Serve:</u>  **Johnathan Vickous (Place of Employment)**
>          **Bowling Green Police Department**
>          **911 Kentucky Street**
>          **Bowling Green, Kentucky 42101**

-and-

**CAPTAIN GEOFF GLEITZ, IN HIS OFFICIAL**
**CAPACITY AND INDIVIDUALLY**

>  <u>Serve:</u>  **Geoff Gleitz (Place of Employment)**
>          **Bowling Green Police Department**



911 Kentucky Street
Bowling Green, Kentucky 42101

-and-

CAPTAIN MIKE ELLIOTT, IN HIS OFFICIAL                    DEFENDANTS
CAPACITY AND INDIVIDUALLY

Serve: Mike Elliott (Place of Employment)
Bowling Green Police Department
911 Kentucky Street
Bowling Green, Kentucky 42101

*** *** *** *** ***

Comes the Plaintiff, Matthew B. Irvin, by and through counsel, and for his cause of action

against the Defendants, Bowling Green Police Department, Michael Delaney, Johnathan Vickous,

Geoff Gleitz, and Mike Elliott, states as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff, Matthew B. Irvin is, and at all relevant times hereto has been, a citizen

and resident of Bowling Green, Warren County, Kentucky, and was employed at relevant times

herein by Defendant Bowling Green Police Department in Bowling Green, Warren County,

Kentucky.

2.      Defendant, Bowling Green Police Department is, and at all relevant times hereto

has been, a local police law enforcement agency in the Commonwealth of Kentucky, with

sufficient employees to be held liable under the Kentucky Civil Rights Act (KRS 344.010 et seq.)

and operating its agency at 911 Kentucky Street, Bowling Green, Warren County, Kentucky

42101.

3.      Upon information and belief, Defendant, Michael Delaney is, and at all relevant

times hereto has been, a citizen and resident of the Commonwealth of Kentucky, and was

employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky.  Defendant, Michael Delaney, is being sued in his official capacity and individually.

4.    Upon information and belief, Defendant, Johnathan Vickous is, and at all relevant times hereto has been, a citizen and resident of the Commonwealth of Kentucky, and was employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky.  Defendant, Johnathan Vickous, is being sued in his official capacity and individually.

5.    Upon information and belief, Defendant, Geoff Gleitz is, and at all relevant times hereto has been, a citizen and resident of the Commonwealth of Kentucky, and was employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky.  Defendant, Geoff Gleitz, is being sued in his official capacity and individually.

6.    Upon information and belief, Defendant, Mike Elliott is, and at all relevant times hereto has been, a citizen and resident of the Commonwealth of Kentucky, and was employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky.  Defendant, Mike Elliott, is being sued in his official capacity and individually.

7.    The acts and/or omissions complained of herein occurred in Bowling Green, Warren County, Kentucky.

8.    This action arises under Kentucky's Civil Rights Act, KRS 344.010, *et seq.*, jurisdiction is conferred over Defendant pursuant to KRS 344.010, *et seq.*, and jurisdiction exists in this Court by virtue of the fact that the Plaintiff's damages exceed the minimum jurisdictional threshold of this Court.

# FACTS

9.      Plaintiff was employed by Defendant, Bowling Green Police Department, from July of 2015 to present.

10.     Throughout Plaintiff's employment, he was supervised by Defendant, Michael Delaney.

11.     Plaintiff is African American, and Defendant, Michael Delaney, is African American.

12.     Plaintiff reported to Chief Michael Delaney in or around October, 2020, that overtly discriminatory conduct by white co-workers was extremely unprofessional. Chief Michael Delaney never gave Plaintiff the time of day to explain what was going on with the discriminatory acts being done at work.

13.     In or around August 28, 2020, Co-workers of the Plaintiff would share mugshots of African American inmates, making comments about how they are so black and that "they are sweating grease", making fun of African American names, etc.

14.     Around late 2019, when Plaintiff was promoted to detective, a member of the Board stated that, "they didn't know if he would be a good fit because of his personality and they haven't had a black detective in 20 years".

15.     In or around late May 2020, a co-worker posed as a KKK member in the workplace/department.

16.     In or around late November 2020, Plaintiff's brother and other officers were sent messages about "selling slaves at Walmart". Plaintiff filed his first EEOC complaint and gave the Chief a heads up about it. Matthew states that retaliation escalated once the EEOC investigation began.

Filed        23-CI-00755    06/04/2023          Brandi Duvall, Warren Circuit Clerk

17.    In or around late January 2021, an officer posted rap lyrics with explicit and racial slurs on the board outside the office as a joke.

18.    In or around late January 2021 to June 2021, Plaintiff reported the retaliatory behavior to Human Resources (HR).  Plaintiff then started to receive poor evaluations.  In or around June 2021, Plaintiff had a meeting with HR about how Plaintiff received an unjust evaluation.  As a result Plaintiff was put on a performance improvement plan.  Plaintiff then submitted his resignation letter, and the Bowling Green Police Department would not accept it.

19.    In or around late November 2022, Plaintiff discovered he was going to be transferred from Criminal Investigations to Patrol without a decrease in pay.  Plaintiff filed a second EEOC complaint.  The EEOC issued a letter of determination finding reasonable cause that Plaintiff was subject to harassment because of his race.  This letter also found there was evidence that Plaintiff was disciplined and retaliated against for opposing this discrimination.  The Department of Justice had to get involved in reviewing these allegations against the Bowling Green Police Department.

20.    On or around December 6, 2022, Plaintiff was placed on modified duty for a back injury.  He was provided with work restrictions that were meant to limit him to clerical duties only.  Plaintiff did not receive the same treatment as fellow Caucasian officers around this time.

21.    In or around late January 2023, following the second charge from the EEOC, at the mediation, the Bowling Green Police Department agreed to correct Plaintiff's evaluations, but would not return him to detective position.  The Department first offered $5,000.00, which changed to $10,000.00 but Plaintiff did not settle.

22.    On or around February 3, 2023, Plaintiff asked Captain Mike Elliott if he could go to the range to fire his sniper rifle.  Mike Elliott responds with, "that since Plaintiff was on modified

duty, Plaintiff could not". Plaintiff states that others have done it before and under the direction of some or all of the defendants.

23.    On or around February 27, 2023, Plaintiff was disciplined for taking his lunch at the end of his shift. Other coworkers have done this before and never got disciplined for taking their lunch at the end of their shift. He told Captain Johnathan Vickous about this, and he replied with, "he was concerned about me, not them". Plaintiff then lost access to the Department time clock application. Plaintiff was told he didn't need it anyways for modified duty.

24.    On or around March 14, 2023, another African American officer was placed on modified duty. While this happened, they were not allowed to utilize the department gym for any type of physical fitness or rehabilitation exercises from the authority of Major Josh Hughes. However, Officer Messina, a Caucasian, was allowed to utilize the department gym while he was on modified duty.

25.    On or around May 9, 2023, Plaintiff was released by his doctor to return to full duty without any restrictions. On or around May 11, 2023, Captain Geoff Gleitz would not allow Plaintiff to return to full duty (which included flying drones) unless Plaintiff presented for return to duty training. Plaintiff states that Captain Geoff Gleitz was on modified duty before and during this time Captain Gleitz was allowed to fly a drone on a SWAT operation while he had a cast on his arm. Captain Gleitz did this operation on or around June 29, 2022.

26.    On or around May 11, 2023, Captain Mike Elliott informed Plaintiff that Plaintiff needed to pass the Critical Response Team (CRT) qualification before being deployed again after returning from modified duty. Plaintiff states that Officer Messina was placed on modified duty, returned to duty, and deployed on or around April 14, 2023, with the CRT without taking the CRT qualification. The qualification is only offered twice a year, in the Spring and Fall.

27.     On or around May 12, 2023, Plaintiff received an email from Colonel Brian Harrell informing him that his evaluations will now be done by previous supervisors who are currently under criminal investigations and Plaintiff has not worked under their supervision since on or around November 30, 2022.

28.     Throughout Plaintiff's employment, Defendants issued Plaintiff more frequent discipline for trivial matters and engaged in unwarranted criticism of Plaintiff's work more so than those of comparably situated white employees, and Defendants took every opportunity to make Plaintiff's life as an employee unpleasant.

## COUNT I
## Retaliation in Violation of KRS 344.280

29.     Plaintiff hereby incorporates herein by reference paragraphs one through twenty-eight of this Complaint.

30.     That Plaintiff engaged in the protected activity of complaining of race discrimination. That Defendants' Bowling Green Police Department and Chief Michael Delaney, Captain Johnathan Vickous, and Captain Geoff Gleitz had knowledge of Plaintiff's complaints of race discrimination and took adverse employment actions against Plaintiff. That Plaintiffs' complaints of race discrimination were a substantial motivating factor in the adverse employment actions taken against Plaintiff, including the demotion of his employment in or around November 2022.

31.     That the foregoing retaliatory conduct of Defendants' Bowling Green Police Department and Chief Michael Delaney, Captain Johnathan Vickous, and Captain Geoff Gleitz violated KRS 344.280, which specifically forbids retaliation against employees, like Plaintiff, who complain about race discrimination.

32.     That as a direct and proximate result of all Defendants' wrongful and illegal retaliation, Plaintiff is entitled to lost wages, reinstatement and/or front pay in lieu of same, compensatory damages, embarrassment, humiliation and mental anguish, his actual damages, and his costs of the lawsuit, including a reasonable attorney's fee under KRS 344.450.

## COUNT II
### Race Discrimination in Violation of KRS 344.040

33.     Plaintiff hereby incorporates herein by reference paragraphs one through thirty-three of this Complaint.

34.     That Plaintiff's race was a substantial motivating factor in Defendant Bowling Green Police Department's adverse employment actions, and its ultimate decision to demote him. Defendant Bowling Green Police Department has unlawfully discriminated against Plaintiff because of race, in direct violation of KRS 344.040.

35.     That as a direct and proximate result of Defendant's wrongful and illegal discrimination, Plaintiff is entitled to lost wages, reinstatement and/or front pay in lieu of same, compensatory damages, embarrassment, humiliation and mental anguish, his actual damages, and his costs of the lawsuit, including a reasonable attorney's fee under KRS 344.450.

**WHEREFORE**, the Plaintiff demands judgment on his Complaint against the Defendants in an amount sufficient to invoke the jurisdiction of this Court and, in addition, demands the following:

1.     Judgment on his Complaint against the Defendants, jointly and severally;

2.     A trial by jury on all issues so triable;

3.     Compensatory damages;

4.     For his costs herein expended including a reasonable attorney's fees; and

5.     Any and all other relief to which he may otherwise be properly entitled.

Respectfully submitted,

/s/ Joseph D. Gaines
Joseph D. Gaines
GORSKI LAW OFFICE, P.S.C.
161 St. Matthews Avenue, Suite 7
Louisville, Kentucky 40207
(502) 569-6795
(502) 690-8438 - Facsimile
josephdgaineslaw@gmail.com
*Counsel for Plaintiff*

A. Nicholas Naiser
NAISER LAW OFFICE
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
Nick@naiserlaw.com
*Co-Counsel for Plaintiff*

By: /s/Joseph D. Gaines
Joseph D. Gaines

## CERTIFICATE OF SERVICE

This will certify that a true copy of the foregoing has been filed electronically for service by
Certified U.S. Mail and mailed through the USPS, postage prepaid, to the agents for service of
process listed above, on this the 4th day of June, 2023.

/s/Joseph D. Gaines
Joseph D. Gaines





| AOC-E-105        Sum Code: CI | | Case #: **23-CI-00755** |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **WARREN** |
| Court of Justice    *Courts.ky.gov* | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* **IRVIN, MATTHEW B VS. BOWLING GREEN POLICE DEPARTMENT ET AL**, *Defendant*

TO:  **BOWLING GREEN POLICE DEPARTMENT**
**BOWLING GREEN POLICE DEPARTMENT**
**911 KENTUCKY STREET**
**BOWLING GREEN, KY 42101**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Brandi Duvall, Warren
Circuit Clerk
Date: **6/4/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____      _____

Served By

_____

Title

---

Summons ID: 608399241865986@00000415334
CIRCUIT: 23-CI-00755 Certified Mail
IRVIN, MATTHEW B VS. BOWLING GREEN POLICE DEPARTMENT ET AL



 

Brandi Duvall, Warren Circuit Clerk
1001 Center Street, Suite 102
Bowling Green, KY 42101-2184

Case Number: 23-CI-00755



## USPS CERTIFIED MAIL

9236 0901 9403 8317 8826 56

Restricted Delivery

BOWLING GREEN POLICE DEPARTMENT
BOWLING GREEN POLICE DEPARTMENT
911 KENTUCKY STREET
BOWLING GREEN, KY 42101



**KCOJ eFiling Cover Sheet**

Case Number: 23-CI-00755

Envelope Number: 6083992

Package Retrieval Number: 608399241865986@00000415334

Service by: Certified Mail

Service Fee:  $ 0.00

Postage Fee: $ 18.05

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. CHRISTOPHER T. COHRON (608430)

Package : 000001 of 000064

Generated: 6/5/2023 12:18:05 PM

**WARREN CIRCUIT COURT**
**CIRCUIT DIVISION_____**
**NO. _____**

***Electronically Filed***

MATTHEW B. IRVIN                                                    **PLAINTIFF**

V.    **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT BOWLING GREEN
POLICE DEPARTMENT**

BOWLING GREEN POLICE DEPARMENT, *et. al.*                **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \*

Comes the Plaintiff, Matthew B. Irvin, by and through counsel, and for his First Set of

Interrogatories and Requests for Production of Documents to Defendant, Bowling Green Police

Department, states as follows:

**INTERROGATORY NO. 1:**        Please state the name, address, official position

and/or job title of any and all persons who participated in preparation of the answers to these

Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**        As to Chief Michael Delaney, please state as follows:

(a)    The inclusive dates of his employment with the Defendant;

(b)    His employment status with the Defendant (i.e., hourly employee, salary
employee, independent contractor, etc.);

(c)    His professional address, including county of residence and location of
principal employment location for Defendant;

(d)    Any and all job titles/duties he held during his working relationship with
the Defendant (including dates he held such job titles); and

(e)    Please describe in detail all reasons why he has been reprimanded, suspended,

terminated, or otherwise disciplined with regard to his employment with the Defendant



including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 3**:        As to Captain Johnathan Vickous, please state as follows:

(a)        The inclusive dates of his employment with the Defendant;

(b)        His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)        His professional address, including county of residence and location of principal employment location for Defendant;

(d)        Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(e)        Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 4**:        As to Captain Geoff Gleitz, please state as follows:

(a)        The inclusive dates of his employment with the Defendant;

(b)        His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)        His professional address, including county of residence and location of principal employment location for Defendant;

(d)        Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(e)    Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 5:**        As to Captain Mike Elliott, please state as follows:

(a)    The inclusive dates of his employment with the Defendant;

(b)    His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)    His professional address, including county of residence and location of principal employment location for Defendant;

(d)    Any and all job titles/duties he held during her working relationship with the Defendant (including dates he held such job titles); and

(e)    Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 6:**        State whether the Defendant is or was insured under a policy or policies of insurance, which the Defendant claims or believes may provide coverage for the claims made herein by Plaintiff, whether such coverage is primary, excess, or umbrella, or other type of coverage. If so, state for each policy that policy number, insurance carrier, type and limits of liability coverage, and whether the carrier has denied coverage and/or reserved rights. Please state whether the Defendant is self-insured and, if so, state the limits of self-insurance.

**ANSWER:**

**INTERROGATORY NO. 7:**     Please describe in detail any lawsuits, court actions, administrative or board actions, or formal or informal complaints filed, made, or brought against the Defendant with regard to the issue of wage retaliation, hostile work environment, and/or discrimination retaliation from 2015 through the present.  Please include in your response the following:

(a)     The name and address of any complaining person(s);

(b)     Date such complaint was filed and/or brought (approximate if necessary);

(c)     Describe in detail what the complaint was about;

(d)     Any corrective action or affirmative steps taken by the Defendant; and

(e)     The resolution or conclusion of, or the decision regarding, any such complaint, lawsuit, action, etc.

**ANSWER:**

**INTERROGATORY NO. 8**:     Please describe in detail the substance of any statements made by the Plaintiff that in any way relate to this litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**     Describe in detail the understanding of the Defendant as to any discriminatory and/or retaliatory conduct of any agent, employee, or servant of the Defendant toward the Plaintiff.  Include in your response any and all actions or statements made or taken of a discriminatory and/or retaliatory nature, including the dates and locations any such actions or statements of any agent, employee, or servant of the Defendant.

**ANSWER:**

**INTERROGATORY NO. 10:**     Are there any documents responsive to the below requests for production of which Defendant is aware but have been deleted or destroyed, or are not

Filed          23-CI-00755     06/04/2023          Brandi Duvall, Warren Circuit Clerk

being produced for any reasons other than privilege? If so, please describe in detail the contents of any such documents.

**ANSWER:**

**INTERROGATORY NO. 11:**      State the names, last known address, and telephone number of any person who may have knowledge of facts material to this litigation.

**ANSWER:**

**INTERROGATORY NO. 12:**      State the name, address, and telephone number of any person who may be called as a non-expert witness at the trial of this matter, including a brief synopsis of the facts known by each person listed and the testimony expected of each person.

**ANSWER:**

**INTERROGATORY NO. 13:**      State the name, address, telephone number and qualifications of any person who may be called as an expert witness on behalf of the Defendant. For each person so identified, state the subject matter to which the expert witness is expected to testify, a synopsis of the facts and opinions that he/she is expected to testify to, and a summary of the ground for each such opinion held.

**ANSWER:**

**INTERROGATORY NO. 14:**      Please identify any and all exhibits, demonstrative evidence, or other documentary evidence, that Defendant intends to utilize at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 15:**      As to Plaintiff, please state as follows:

(a) The inclusive dates of his employment with the Defendant;

(b) His employment status with the Defendant while employed (i.e. hourly employee, salary employee, independent contractor, volunteer, etc.);



(c) Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(d) Whether Plaintiff was ever disciplined in any way, and if so the name(s) of the individual(s) who made the decision to discipline the Plaintiff, when said discipline occurred, and why said discipline occurred.

**ANSWER:**

**INTERROGATORY NO. 16:**        Please state when the Defendant first anticipated the reasonable possibility of litigation with Plaintiff arising out of discrimination.

**ANSWER:**

**INTERROGATORY NO. 17:**        Please describe with specificity any review and/or investigation conducted by the Defendant with regard to any complaint, lawsuit, or action brought, filed or made against the Defendant with regard to the employment of the Plaintiff with the Defendant, including, but not limited to, any reviews or investigations related to any discrimination or retaliation complaints made by the Plaintiff or anyone else.  Please include in your response the following:

(a) The reason for such review and/or investigation, including the name and address of instituted and/or requested such a review and/or investigation;

(b) The names and addresses of any and all individuals interviewed or spoken to in regard to such review and/or investigation;

(c) The name and address of any court reporter or other individual who transcribed any statements or interviews made at such an investigation and/or review;

(d) The name and address of any individuals (including attorneys) who were present at or participated as a consulting party, on behalf of the Defendant with regard to the aforementioned investigation/review; and

(e) The substance of any formal or informal conclusions or findings of said review/investigation.

**ANSWER:**

**INTERROGATORY NO. 18:**    Please identify any other documents or other tangible things (such as computer records) which discuss the work performance of the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 19:**    Please state all of the facts and circumstances surrounding the discrimination mediation investigation initiated, investigated, and/or otherwise performed by HR on or around January 2023 and any and all statements given to HR by any employee of the Defendant Bowling Green Police Department, including but not limited to, the Plaintiff.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**RPOD 1:**    Please produce copies of any documents or tangible things (such as computer records) described or identified in, and/or that relate to, Defendant's Answers to Interrogatories.

**RESPONSE:**

**RPOD 2:**    Please produce a copy of the entire potential employee file, employee file and/or personnel file and/or any file materials or other documents in the possession, custody, or control of the Defendant regarding Plaintiff. This request includes, but is not limited to, a request for any documentation reflecting any discipline handed down to Plaintiff. Designate by name and address, the official custodian of any such personnel file and/or employee file and/or file materials or other documents.

**RESPONSE:**

**RPOD 3:**    Please produce a copy of all documents identified or referenced in Defendant's answers to Interrogatories.



**RESPONSE:**

**RPOD 4:**      Please produce a copy of any and all correspondence, including but not limited to letters, emails, text messages, between Michael Delaney, Johnathan Vickous, Geoff Gleitz, and/or Mike Elliott and any other person concerning Plaintiff and/or the discipline and/or discrimination of the Plaintiff.

**RESPONSE:**

**RPOD 5:**      Please produce a copy of any and all correspondence, including but not limited to letters, emails, and text messages, to or from any employee, agent, or servant of Defendant concerning Plaintiff and/or the discipline, demotion and/or discrimination of the Plaintiff.

**RESPONSE:**

**RPOD 6:**      If not produced in response to Request No. 2, please provide a copy of the contents of any files related to Plaintiff. Designate by name and address, the official custodian of any such documents.

**RESPONSE:**

**RPOD 7:**      Please produce a copy of any insurance policy or policies, including declarations pages that may provide coverage to the Defendant with regard to this lawsuit.

**RESPONSE:**

**RPOD 8:**      Please produce a curriculum vitae or resume of each individual whom the Defendant may call as an expert witness at the trial of this matter.

**RESPONSE:**

**RPOD 9:**      Please produce copies of any and all exhibits, documentary evidence, or demonstrative evidence which the Defendant intends to rely on and/or utilize at the trial of this

matter. This includes, but is not limited to, any videotapes or audiotapes in the possession, custody, or control of the Defendant or any agent, servant, or employee, thereof.

**RESPONSE:**

**RPOD 10:**     Please produce any organizational charts for the Defendant, including any organizational charts and/or documents listing employees or agents or servants of the Defendant, as such relate to the time period of 2015 to the present. Designate by name and address the official custodian of any such documents or charts.

**RESPONSE:**

**RPOD 11:**     Please produce any and all Employer Information EEO-1 reports generated, created, or maintained by you, or otherwise in your possession, from 2010 to the present date.

**RESPONSE:**

**RPOD 13:**     Please produce a copy of any policy procedure, regulation, or guideline, maintained, generated, or followed by Defendant regarding 1) discipline of new and current employees, 2) the issues of wage payments, back-due wage payments or retaliation, or 3) any other issue that may be implicated by this case.

**RESPONSE:**

**RPOD 14:**     Please produce a copy of any documents (including but not limited to emails, letters, faxes, text messages, and other electronic messages) reflecting or memorializing any conversations or communications between Plaintiff and any employee, apparent agent, ostensible agent, or servant of Defendant.

**RESPONSE:**



**RPOD 15:**     Provide a copy of any and all documents referred to, relied upon, or otherwise referenced in responding to the above Interrogatories or Requests for Production of Documents, regardless of the origin of said documents.

**RESPONSE:**

Respectfully Submitted,

Joseph D. Gaines
GORSKI LAW OFFICE, P.S.C.
161 St. Matthews Avenue, Suite 7
Louisville, Kentucky 40207
(502) 569-6795
(502) 690-8438
josephdgaineslaw@gmail.com
*Counsel for Plaintiff*

A. Nicholas Naiser
NAISER LAW OFFICE
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
Nick@naiserlaw.com
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This will certify that a true copy of the foregoing has been forwarded Certified U.S. Mail to the agents for service of process listed in the Complaint, on the day the Complaint was filed.

By: /s/Joseph D. Gaines
Joseph D. Gaines

**WARREN CIRCUIT COURT**
**CIRCUIT DIVISION_____**
**NO. _____**

***Electronically Filed***

MATTHEW B. IRVIN                                                                    **PLAINTIFF**

V.      **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR**
        **PRODUCTION OF DOCUMENTS TO DEFENDANT, CAPTAIN GEOFF**
        **GLEITZ**

**BOWLING GREEN POLICE DEPARMENT,** *et. al.*                        **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \*

Comes the Plaintiff, Matthew B. Irvin, by and through counsel, and for his First Set of Interrogatories and Requests for Production of Documents to Defendant, Geoff Gleitz, states as follows:

**INTERROGATORY NO. 1**:        Please state the name, address, official position and/or job title of any and all persons who participated in preparation of the answers to these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2**:        As to Chief Michael Delaney, please state as follows:

(a)     The inclusive dates of his employment with the Defendant;

(b)     His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)     His professional address, including county of residence and location of principal employment location for Defendant;

(d)     Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(e)     Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant



including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 3:**          As to Captain Johnathan Vickous, please state as follows:

(a)      The inclusive dates of his employment with the Defendant;

(b)      His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)      His professional address, including county of residence and location of principal employment location for Defendant;

(d)      Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(e)      Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 4:**          As to Captain Geoff Gleitz, please state as follows:

(a)      The inclusive dates of his employment with the Defendant;

(b)      His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)      His professional address, including county of residence and location of principal employment location for Defendant;

(d)      Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(e)    Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 5:**        As to Captain Mike Elliott, please state as follows:

(a)    The inclusive dates of his employment with the Defendant;

(b)    His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)    His professional address, including county of residence and location of principal employment location for Defendant;

(d)    Any and all job titles/duties he held during her working relationship with the Defendant (including dates he held such job titles); and

(e)    Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 6:**        State whether the Defendant is or was insured under a policy or policies of insurance, which the Defendant claims or believes may provide coverage for the claims made herein by Plaintiff, whether such coverage is primary, excess, or umbrella, or other type of coverage. If so, state for each policy that policy number, insurance carrier, type and limits of liability coverage, and whether the carrier has denied coverage and/or reserved rights. Please state whether the Defendant is self-insured and, if so, state the limits of self-insurance.

**ANSWER:**

**INTERROGATORY NO. 7:**          Please describe in detail any lawsuits, court actions, administrative or board actions, or formal or informal complaints filed, made, or brought against the Defendant with regard to the issue of wage retaliation, hostile work environment, and/or discrimination retaliation from 2015 through the present.  Please include in your response the following:

      (a)      The name and address of any complaining person(s);

      (b)      Date such complaint was filed and/or brought (approximate if necessary);

      (c)      Describe in detail what the complaint was about;

      (d)      Any corrective action or affirmative steps taken by the Defendant; and

      (e)      The resolution or conclusion of, or the decision regarding, any such complaint, lawsuit, action, etc.

**ANSWER:**

**INTERROGATORY NO. 8**:          Please describe in detail the substance of any statements made by the Plaintiff that in any way relate to this litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**          Describe in detail the understanding of the Defendant as to any discriminatory and/or retaliatory conduct of any agent, employee, or servant of the Defendant toward the Plaintiff.  Include in your response any and all actions or statements made or taken of a discriminatory and/or retaliatory nature, including the dates and locations any such actions or statements of any agent, employee, or servant of the Defendant.

**ANSWER:**

**INTERROGATORY NO. 10:**          Are there any documents responsive to the below requests for production of which Defendant is aware but have been deleted or destroyed, or are not

being produced for any reasons other than privilege? If so, please describe in detail the contents of any such documents.

**ANSWER:**

**INTERROGATORY NO. 11:** State the names, last known address, and telephone number of any person who may have knowledge of facts material to this litigation.

**ANSWER:**

**INTERROGATORY NO. 12:** State the name, address, and telephone number of any person who may be called as a non-expert witness at the trial of this matter, including a brief synopsis of the facts known by each person listed and the testimony expected of each person.

**ANSWER:**

**INTERROGATORY NO. 13:** State the name, address, telephone number and qualifications of any person who may be called as an expert witness on behalf of the Defendant. For each person so identified, state the subject matter to which the expert witness is expected to testify, a synopsis of the facts and opinions that he/she is expected to testify to, and a summary of the ground for each such opinion held.

**ANSWER:**

**INTERROGATORY NO. 14:** Please identify any and all exhibits, demonstrative evidence, or other documentary evidence, that Defendant intends to utilize at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 15:** As to Plaintiff, please state as follows:

(a) The inclusive dates of his employment with the Defendant;

(b) His employment status with the Defendant while employed (i.e. hourly employee, salary employee, independent contractor, volunteer, etc.);



(c) Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(d) Whether Plaintiff was ever disciplined in any way, and if so the name(s) of the individual(s) who made the decision to discipline the Plaintiff, when said discipline occurred, and why said discipline occurred.

**ANSWER:**

**INTERROGATORY NO. 16:**      Please state when the Defendant first anticipated the reasonable possibility of litigation with Plaintiff arising out of discrimination.

**ANSWER:**

**INTERROGATORY NO. 17:**      Please describe with specificity any review and/or investigation conducted by the Defendant with regard to any complaint, lawsuit, or action brought, filed or made against the Defendant with regard to the employment of the Plaintiff with the Defendant, including, but not limited to, any reviews or investigations related to any discrimination or retaliation complaints made by the Plaintiff or anyone else.  Please include in your response the following:

(a) The reason for such review and/or investigation, including the name and address of instituted and/or requested such a review and/or investigation;

(b) The names and addresses of any and all individuals interviewed or spoken to in regard to such review and/or investigation;

(c) The name and address of any court reporter or other individual who transcribed any statements or interviews made at such an investigation and/or review;

(d) The name and address of any individuals (including attorneys) who were present at or participated as a consulting party, on behalf of the Defendant with regard to the aforementioned investigation/review; and

(e) The substance of any formal or informal conclusions or findings of said review/investigation.

**ANSWER:**

Filed        23-CI-00755    06/04/2023        Brandi Duvall, Warren Circuit Clerk

**INTERROGATORY NO. 18:**    Please identify any other documents or other tangible things (such as computer records) which discuss the work performance of the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 19:**    Please state all of the facts and circumstances surrounding the discrimination mediation investigation initiated, investigated, and/or otherwise performed by HR on or around January 2023 and any and all statements given to HR by any employee of the Defendant Bowling Green Police Department, including but not limited to, the Plaintiff.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**RPOD 1:**    Please produce copies of any documents or tangible things (such as computer records) described or identified in, and/or that relate to, Defendant's Answers to Interrogatories.

**RESPONSE:**

**RPOD 2:**    Please produce a copy of the entire potential employee file, employee file and/or personnel file and/or any file materials or other documents in the possession, custody, or control of the Defendant regarding Plaintiff. This request includes, but is not limited to, a request for any documentation reflecting any discipline handed down to Plaintiff. Designate by name and address, the official custodian of any such personnel file and/or employee file and/or file materials or other documents.

**RESPONSE:**

**RPOD 3:**    Please produce a copy of all documents identified or referenced in Defendant's answers to Interrogatories.



**RESPONSE:**

**RPOD 4:**     Please produce a copy of any and all correspondence, including but not limited to letters, emails, text messages, between Michael Delaney, Johnathan Vickous, Geoff Gleitz, and/or Mike Elliott and any other person concerning Plaintiff and/or the discipline and/or discrimination of the Plaintiff.

**RESPONSE:**

**RPOD 5:**     Please produce a copy of any and all correspondence, including but not limited to letters, emails, and text messages, to or from any employee, agent, or servant of Defendant concerning Plaintiff and/or the discipline, demotion and/or discrimination of the Plaintiff.

**RESPONSE:**

**RPOD 6:**     If not produced in response to Request No. 2, please provide a copy of the contents of any files related to Plaintiff. Designate by name and address, the official custodian of any such documents.

**RESPONSE:**

**RPOD 7:**     Please produce a copy of any insurance policy or policies, including declarations pages that may provide coverage to the Defendant with regard to this lawsuit.

**RESPONSE:**

**RPOD 8:**     Please produce a curriculum vitae or resume of each individual whom the Defendant may call as an expert witness at the trial of this matter.

**RESPONSE:**

**RPOD 9:**     Please produce copies of any and all exhibits, documentary evidence, or demonstrative evidence which the Defendant intends to rely on and/or utilize at the trial of this

Filed         23-CI-00755    06/04/2023           Brandi Duvall, Warren Circuit Clerk

matter. This includes, but is not limited to, any videotapes or audiotapes in the possession, custody, or control of the Defendant or any agent, servant, or employee, thereof.

**RESPONSE:**

**RPOD 10:**    Please produce any organizational charts for the Defendant, including any organizational charts and/or documents listing employees or agents or servants of the Defendant, as such relate to the time period of 2015 to the present. Designate by name and address the official custodian of any such documents or charts.

**RESPONSE:**

**RPOD 11:**    Please produce any and all Employer Information EEO-1 reports generated, created, or maintained by you, or otherwise in your possession, from 2010 to the present date.

**RESPONSE:**

**RPOD 13:**    Please produce a copy of any policy procedure, regulation, or guideline, maintained, generated, or followed by Defendant regarding 1) discipline of new and current employees, 2) the issues of wage payments, back-due wage payments or retaliation, or 3) any other issue that may be implicated by this case.

**RESPONSE:**

**RPOD 14:**    Please produce a copy of any documents (including but not limited to emails, letters, faxes, text messages, and other electronic messages) reflecting or memorializing any conversations or communications between Plaintiff and any employee, apparent agent, ostensible agent, or servant of Defendant.

**RESPONSE:**



**RPOD 15:**    Provide a copy of any and all documents referred to, relied upon, or otherwise referenced in responding to the above Interrogatories or Requests for Production of Documents, regardless of the origin of said documents.

**RESPONSE:**

Respectfully Submitted,

Joseph D. Gaines
GORSKI LAW OFFICE, P.S.C.
161 St. Matthews Avenue, Suite 7
Louisville, Kentucky 40207
(502) 569-6795
(502) 690-8438
josephdgaineslaw@gmail.com
*Counsel for Plaintiff*

A. Nicholas Naiser
NAISER LAW OFFICE
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
Nick@naiserlaw.com
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This will certify that a true copy of the foregoing has been forwarded Certified U.S. Mail to the agents for service of process listed in the Complaint, on the day the Complaint was filed.

By: /s/Joseph D. Gaines
Joseph D. Gaines

Filed    23-CI-00755    06/04/2023    Brandi Duvall, Warren Circuit Clerk

**WARREN CIRCUIT COURT**
**CIRCUIT DIVISION_____**
**NO. _____**

***Electronically Filed***

MATTHEW B. IRVIN                                                    **PLAINTIFF**

V.    <u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, CAPTAIN JOHNATHAN VICKOUS**</u>

BOWLING GREEN POLICE DEPARMENT, *et. al.*                **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \*

Comes the Plaintiff, Matthew B. Irvin, by and through counsel, and for his First Set of Interrogatories and Requests for Production of Documents to Defendant, Johnathan Vickous, states as follows:

<u>**INTERROGATORY NO. 1**</u>:        Please state the name, address, official position and/or job title of any and all persons who participated in preparation of the answers to these Interrogatories.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 2**</u>:        As to Chief Michael Delaney, please state as follows:

(a)        The inclusive dates of his employment with the Defendant;

(b)        His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)        His professional address, including county of residence and location of principal employment location for Defendant;

(d)        Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(e)        Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant



including a description of any discipline, reprimand, etc. that was instituted or undertaken,

if applicable.

**ANSWER:**

**INTERROGATORY NO. 3:**        As to Captain Johnathan Vickous, please state as

follows:

(a)        The inclusive dates of his employment with the Defendant;

(b)        His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)        His professional address, including county of residence and location of principal employment location for Defendant;

(d)        Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(e)        Please describe in detail all reasons why he has been reprimanded, suspended,

terminated, or otherwise disciplined with regard to his employment with the Defendant

including a description of any discipline, reprimand, etc. that was instituted or undertaken,

if applicable.

**ANSWER:**

**INTERROGATORY NO. 4:**        As to Captain Geoff Gleitz, please state as follows:

(a)        The inclusive dates of his employment with the Defendant;

(b)        His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)        His professional address, including county of residence and location of principal employment location for Defendant;

(d)        Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(e)      Please describe in detail all reasons why he has been reprimanded, suspended,

terminated, or otherwise disciplined with regard to his employment with the Defendant

including a description of any discipline, reprimand, etc. that was instituted or undertaken,

if applicable.

**ANSWER:**

**INTERROGATORY NO. 5**:          As to Captain Mike Elliott, please state as follows:

(a)      The inclusive dates of his employment with the Defendant;

(b)      His employment status with the Defendant (i.e., hourly employee, salary
employee, independent contractor, etc.);

(c)      His professional address, including county of residence and location of
principal employment location for Defendant;

(d)      Any and all job titles/duties he held during her working relationship with
the Defendant (including dates he held such job titles); and

(e)      Please describe in detail all reasons why he has been reprimanded, suspended,

terminated, or otherwise disciplined with regard to his employment with the Defendant

including a description of any discipline, reprimand, etc. that was instituted or undertaken,

if applicable.

**ANSWER:**

**INTERROGATORY NO. 6:**          State whether the Defendant is or was insured under

a policy or policies of insurance, which the Defendant claims or believes may provide coverage

for the claims made herein by Plaintiff, whether such coverage is primary, excess, or umbrella, or

other type of coverage.  If so, state for each policy that policy number, insurance carrier, type and

limits of liability coverage, and whether the carrier has denied coverage and/or reserved rights.

Please state whether the Defendant is self-insured and, if so, state the limits of self-insurance.

**ANSWER:**

**INTERROGATORY NO. 7:**        Please describe in detail any lawsuits, court actions, administrative or board actions, or formal or informal complaints filed, made, or brought against the Defendant with regard to the issue of wage retaliation, hostile work environment, and/or discrimination retaliation from 2015 through the present.  Please include in your response the following:

    (a)    The name and address of any complaining person(s);

    (b)    Date such complaint was filed and/or brought (approximate if necessary);

    (c)    Describe in detail what the complaint was about;

    (d)    Any corrective action or affirmative steps taken by the Defendant; and

    (e)    The resolution or conclusion of, or the decision regarding, any such complaint, lawsuit, action, etc.

**ANSWER:**

**INTERROGATORY NO. 8**:        Please describe in detail the substance of any statements made by the Plaintiff that in any way relate to this litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**        Describe in detail the understanding of the Defendant as to any discriminatory and/or retaliatory conduct of any agent, employee, or servant of the Defendant toward the Plaintiff.  Include in your response any and all actions or statements made or taken of a discriminatory and/or retaliatory nature, including the dates and locations any such actions or statements of any agent, employee, or servant of the Defendant.

**ANSWER:**

**INTERROGATORY NO. 10:**        Are there any documents responsive to the below requests for production of which Defendant is aware but have been deleted or destroyed, or are not

Filed    23-CI-00755    06/04/2023    Brandi Duvall, Warren Circuit Clerk

being produced for any reasons other than privilege? If so, please describe in detail the contents of any such documents.

**ANSWER:**

**INTERROGATORY NO. 11:**    State the names, last known address, and telephone number of any person who may have knowledge of facts material to this litigation.

**ANSWER:**

**INTERROGATORY NO. 12:**    State the name, address, and telephone number of any person who may be called as a non-expert witness at the trial of this matter, including a brief synopsis of the facts known by each person listed and the testimony expected of each person.

**ANSWER:**

**INTERROGATORY NO. 13:**    State the name, address, telephone number and qualifications of any person who may be called as an expert witness on behalf of the Defendant. For each person so identified, state the subject matter to which the expert witness is expected to testify, a synopsis of the facts and opinions that he/she is expected to testify to, and a summary of the ground for each such opinion held.

**ANSWER:**

**INTERROGATORY NO. 14:**    Please identify any and all exhibits, demonstrative evidence, or other documentary evidence, that Defendant intends to utilize at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 15:**    As to Plaintiff, please state as follows:

(a) The inclusive dates of his employment with the Defendant;

(b) His employment status with the Defendant while employed (i.e. hourly employee, salary employee, independent contractor, volunteer, etc.);



(c) Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(d) Whether Plaintiff was ever disciplined in any way, and if so the name(s) of the individual(s) who made the decision to discipline the Plaintiff, when said discipline occurred, and why said discipline occurred.

**ANSWER:**

**INTERROGATORY NO. 16:**        Please state when the Defendant first anticipated the reasonable possibility of litigation with Plaintiff arising out of discrimination.

**ANSWER:**

**INTERROGATORY NO. 17:**        Please describe with specificity any review and/or investigation conducted by the Defendant with regard to any complaint, lawsuit, or action brought, filed or made against the Defendant with regard to the employment of the Plaintiff with the Defendant, including, but not limited to, any reviews or investigations related to any discrimination or retaliation complaints made by the Plaintiff or anyone else.  Please include in your response the following:

(a) The reason for such review and/or investigation, including the name and address of instituted and/or requested such a review and/or investigation;

(b) The names and addresses of any and all individuals interviewed or spoken to in regard to such review and/or investigation;

(c) The name and address of any court reporter or other individual who transcribed any statements or interviews made at such an investigation and/or review;

(d) The name and address of any individuals (including attorneys) who were present at or participated as a consulting party, on behalf of the Defendant with regard to the aforementioned investigation/review; and

(e) The substance of any formal or informal conclusions or findings of said review/investigation.

**ANSWER:**

**INTERROGATORY NO. 18:**      Please identify any other documents or other tangible things (such as computer records) which discuss the work performance of the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 19:**      Please state all of the facts and circumstances surrounding the discrimination mediation investigation initiated, investigated, and/or otherwise performed by HR on or around January 2023 and any and all statements given to HR by any employee of the Defendant Bowling Green Police Department, including but not limited to, the Plaintiff.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**RPOD 1:**      Please produce copies of any documents or tangible things (such as computer records) described or identified in, and/or that relate to, Defendant's Answers to Interrogatories.

**RESPONSE:**

**RPOD 2:**      Please produce a copy of the entire potential employee file, employee file and/or personnel file and/or any file materials or other documents in the possession, custody, or control of the Defendant regarding Plaintiff.  This request includes, but is not limited to, a request for any documentation reflecting any discipline handed down to Plaintiff.  Designate by name and address, the official custodian of any such personnel file and/or employee file and/or file materials or other documents.

**RESPONSE:**

**RPOD 3:**      Please produce a copy of all documents identified or referenced in Defendant's answers to Interrogatories.



Filed            23-CI-00755    06/04/2023        Brandi Duvall, Warren Circuit Clerk

**RESPONSE:**

**RPOD 4:**        Please produce a copy of any and all correspondence, including but not limited to letters, emails, text messages, between Michael Delaney, Johnathan Vickous, Geoff Gleitz, and/or Mike Elliott and any other person concerning Plaintiff and/or the discipline and/or discrimination of the Plaintiff.

**RESPONSE:**

**RPOD 5:**        Please produce a copy of any and all correspondence, including but not limited to letters, emails, and text messages, to or from any employee, agent, or servant of Defendant concerning Plaintiff and/or the discipline, demotion and/or discrimination of the Plaintiff.

**RESPONSE:**

**RPOD 6:**        If not produced in response to Request No. 2, please provide a copy of the contents of any files related to Plaintiff. Designate by name and address, the official custodian of any such documents.

**RESPONSE:**

**RPOD 7:**        Please produce a copy of any insurance policy or policies, including declarations pages that may provide coverage to the Defendant with regard to this lawsuit.

**RESPONSE:**

**RPOD 8:**        Please produce a curriculum vitae or resume of each individual whom the Defendant may call as an expert witness at the trial of this matter.

**RESPONSE:**

**RPOD 9:**        Please produce copies of any and all exhibits, documentary evidence, or demonstrative evidence which the Defendant intends to rely on and/or utilize at the trial of this

Filed          23-CI-00755    06/04/2023          Brandi Duvall, Warren Circuit Clerk

matter. This includes, but is not limited to, any videotapes or audiotapes in the possession, custody, or control of the Defendant or any agent, servant, or employee, thereof.

**RESPONSE:**

**RPOD 10:**    Please produce any organizational charts for the Defendant, including any organizational charts and/or documents listing employees or agents or servants of the Defendant, as such relate to the time period of 2015 to the present. Designate by name and address the official custodian of any such documents or charts.

**RESPONSE:**

**RPOD 11:**    Please produce any and all Employer Information EEO-1 reports generated, created, or maintained by you, or otherwise in your possession, from 2010 to the present date.

**RESPONSE:**

**RPOD 13:**    Please produce a copy of any policy procedure, regulation, or guideline, maintained, generated, or followed by Defendant regarding 1) discipline of new and current employees, 2) the issues of wage payments, back-due wage payments or retaliation, or 3) any other issue that may be implicated by this case.

**RESPONSE:**

**RPOD 14:**    Please produce a copy of any documents (including but not limited to emails, letters, faxes, text messages, and other electronic messages) reflecting or memorializing any conversations or communications between Plaintiff and any employee, apparent agent, ostensible agent, or servant of Defendant.

**RESPONSE:**



**RPOD 15:**     Provide a copy of any and all documents referred to, relied upon, or otherwise referenced in responding to the above Interrogatories or Requests for Production of Documents, regardless of the origin of said documents.

**RESPONSE:**

Respectfully Submitted,

Joseph D. Gaines
GORSKI LAW OFFICE, P.S.C.
161 St. Matthews Avenue, Suite 7
Louisville, Kentucky 40207
(502) 569-6795
(502) 690-8438
josephdgaineslaw@gmail.com
*Counsel for Plaintiff*

A. Nicholas Naiser
NAISER LAW OFFICE
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
Nick@naiserlaw.com
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This will certify that a true copy of the foregoing has been forwarded Certified U.S. Mail to the agents for service of process listed in the Complaint, on the day the Complaint was filed.

By: /s/Joseph D. Gaines
Joseph D. Gaines

**WARREN CIRCUIT COURT**
**CIRCUIT DIVISION_____**
**NO. _____**

***Electronically Filed***

MATTHEW B. IRVIN                                                                    **PLAINTIFF**

**V.    PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANT, CHIEF MICHAEL**
**DELANEY**

BOWLING GREEN POLICE DEPARMENT, *et. al.*                        **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \*

Comes the Plaintiff, Matthew B. Irvin, by and through counsel, and for his First Set of

Interrogatories and Requests for Production of Documents to Defendant, Michael Delaney, states

as follows:

**INTERROGATORY NO. 1**:         Please state the name, address, official position

and/or job title of any and all persons who participated in preparation of the answers to these

Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2**:         As to Chief Michael Delaney, please state as follows:

(a)      The inclusive dates of his employment with the Defendant;

(b)      His employment status with the Defendant (i.e., hourly employee, salary
employee, independent contractor, etc.);

(c)      His professional address, including county of residence and location of
principal employment location for Defendant;

(d)      Any and all job titles/duties he held during his working relationship with
the Defendant (including dates he held such job titles); and

(e)      Please describe in detail all reasons why he has been reprimanded, suspended,

terminated, or otherwise disciplined with regard to his employment with the Defendant



including a description of any discipline, reprimand, etc. that was instituted or undertaken,

if applicable.

**ANSWER:**

**INTERROGATORY NO. 3**:        As to Captain Johnathan Vickous, please state as

follows:

(a)        The inclusive dates of his employment with the Defendant;

(b)        His employment status with the Defendant (i.e., hourly employee, salary
employee, independent contractor, etc.);

(c)        His professional address, including county of residence and location of
principal employment location for Defendant;

(d)        Any and all job titles/duties he held during his working relationship with
the Defendant (including dates he held such job titles); and

(e)        Please describe in detail all reasons why he has been reprimanded, suspended,

terminated, or otherwise disciplined with regard to his employment with the Defendant

including a description of any discipline, reprimand, etc. that was instituted or undertaken,

if applicable.

**ANSWER:**

**INTERROGATORY NO. 4**:        As to Captain Geoff Gleitz, please state as follows:

(a)        The inclusive dates of his employment with the Defendant;

(b)        His employment status with the Defendant (i.e., hourly employee, salary
employee, independent contractor, etc.);

(c)        His professional address, including county of residence and location of
principal employment location for Defendant;

(d)        Any and all job titles/duties he held during his working relationship with
the Defendant (including dates he held such job titles); and

(e)      Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 5**:        As to Captain Mike Elliott, please state as follows:

(a)      The inclusive dates of his employment with the Defendant;

(b)      His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)      His professional address, including county of residence and location of principal employment location for Defendant;

(d)      Any and all job titles/duties he held during her working relationship with the Defendant (including dates he held such job titles); and

(e)      Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 6:**        State whether the Defendant is or was insured under a policy or policies of insurance, which the Defendant claims or believes may provide coverage for the claims made herein by Plaintiff, whether such coverage is primary, excess, or umbrella, or other type of coverage.  If so, state for each policy that policy number, insurance carrier, type and limits of liability coverage, and whether the carrier has denied coverage and/or reserved rights. Please state whether the Defendant is self-insured and, if so, state the limits of self-insurance.

**ANSWER:**

**INTERROGATORY NO. 7:**          Please describe in detail any lawsuits, court actions, administrative or board actions, or formal or informal complaints filed, made, or brought against the Defendant with regard to the issue of wage retaliation, hostile work environment, and/or discrimination retaliation from 2015 through the present.  Please include in your response the following:

(a)     The name and address of any complaining person(s);

(b)     Date such complaint was filed and/or brought (approximate if necessary);

(c)     Describe in detail what the complaint was about;

(d)     Any corrective action or affirmative steps taken by the Defendant; and

(e)     The resolution or conclusion of, or the decision regarding, any such complaint, lawsuit, action, etc.

**ANSWER:**

**INTERROGATORY NO. 8**:          Please describe in detail the substance of any statements made by the Plaintiff that in any way relate to this litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**          Describe in detail the understanding of the Defendant as to any discriminatory and/or retaliatory conduct of any agent, employee, or servant of the Defendant toward the Plaintiff.  Include in your response any and all actions or statements made or taken of a discriminatory and/or retaliatory nature, including the dates and locations any such actions or statements of any agent, employee, or servant of the Defendant.

**ANSWER:**

**INTERROGATORY NO. 10:**          Are there any documents responsive to the below requests for production of which Defendant is aware but have been deleted or destroyed, or are not

being produced for any reasons other than privilege? If so, please describe in detail the contents of any such documents.

**ANSWER:**

**INTERROGATORY NO. 11:**    State the names, last known address, and telephone number of any person who may have knowledge of facts material to this litigation.

**ANSWER:**

**INTERROGATORY NO. 12:**    State the name, address, and telephone number of any person who may be called as a non-expert witness at the trial of this matter, including a brief synopsis of the facts known by each person listed and the testimony expected of each person.

**ANSWER:**

**INTERROGATORY NO. 13:**    State the name, address, telephone number and qualifications of any person who may be called as an expert witness on behalf of the Defendant. For each person so identified, state the subject matter to which the expert witness is expected to testify, a synopsis of the facts and opinions that he/she is expected to testify to, and a summary of the ground for each such opinion held.

**ANSWER:**

**INTERROGATORY NO. 14:**    Please identify any and all exhibits, demonstrative evidence, or other documentary evidence, that Defendant intends to utilize at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 15:**    As to Plaintiff, please state as follows:

(a) The inclusive dates of his employment with the Defendant;

(b) His employment status with the Defendant while employed (i.e. hourly employee, salary employee, independent contractor, volunteer, etc.);



(c) Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(d) Whether Plaintiff was ever disciplined in any way, and if so the name(s) of the individual(s) who made the decision to discipline the Plaintiff, when said discipline occurred, and why said discipline occurred.

**ANSWER:**

**INTERROGATORY NO. 16:**          Please state when the Defendant first anticipated the reasonable possibility of litigation with Plaintiff arising out of discrimination.

**ANSWER:**

**INTERROGATORY NO. 17:**          Please describe with specificity any review and/or investigation conducted by the Defendant with regard to any complaint, lawsuit, or action brought, filed or made against the Defendant with regard to the employment of the Plaintiff with the Defendant, including, but not limited to, any reviews or investigations related to any discrimination or retaliation complaints made by the Plaintiff or anyone else.  Please include in your response the following:

(a) The reason for such review and/or investigation, including the name and address of instituted and/or requested such a review and/or investigation;

(b) The names and addresses of any and all individuals interviewed or spoken to in regard to such review and/or investigation;

(c) The name and address of any court reporter or other individual who transcribed any statements or interviews made at such an investigation and/or review;

(d) The name and address of any individuals (including attorneys) who were present at or participated as a consulting party, on behalf of the Defendant with regard to the aforementioned investigation/review; and

(e) The substance of any formal or informal conclusions or findings of said review/investigation.

**ANSWER:**

**INTERROGATORY NO. 18:**      Please identify any other documents or other tangible things (such as computer records) which discuss the work performance of the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 19:**      Please state all of the facts and circumstances surrounding the discrimination mediation investigation initiated, investigated, and/or otherwise performed by HR on or around January 2023 and any and all statements given to HR by any employee of the Defendant Bowling Green Police Department, including but not limited to, the Plaintiff.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**RPOD 1:**      Please produce copies of any documents or tangible things (such as computer records) described or identified in, and/or that relate to, Defendant's Answers to Interrogatories.

**RESPONSE:**

**RPOD 2:**      Please produce a copy of the entire potential employee file, employee file and/or personnel file and/or any file materials or other documents in the possession, custody, or control of the Defendant regarding Plaintiff. This request includes, but is not limited to, a request for any documentation reflecting any discipline handed down to Plaintiff. Designate by name and address, the official custodian of any such personnel file and/or employee file and/or file materials or other documents.

**RESPONSE:**

**RPOD 3:**      Please produce a copy of all documents identified or referenced in Defendant's answers to Interrogatories.



**RESPONSE:**

**RPOD 4:**    Please produce a copy of any and all correspondence, including but not limited to letters, emails, text messages, between Michael Delaney, Johnathan Vickous, Geoff Gleitz, and/or Mike Elliott and any other person concerning Plaintiff and/or the discipline and/or discrimination of the Plaintiff.

**RESPONSE:**

**RPOD 5:**    Please produce a copy of any and all correspondence, including but not limited to letters, emails, and text messages, to or from any employee, agent, or servant of Defendant concerning Plaintiff and/or the discipline, demotion and/or discrimination of the Plaintiff.

**RESPONSE:**

**RPOD 6:**    If not produced in response to Request No. 2, please provide a copy of the contents of any files related to Plaintiff. Designate by name and address, the official custodian of any such documents.

**RESPONSE:**

**RPOD 7:**    Please produce a copy of any insurance policy or policies, including declarations pages that may provide coverage to the Defendant with regard to this lawsuit.

**RESPONSE:**

**RPOD 8:**    Please produce a curriculum vitae or resume of each individual whom the Defendant may call as an expert witness at the trial of this matter.

**RESPONSE:**

**RPOD 9:**    Please produce copies of any and all exhibits, documentary evidence, or demonstrative evidence which the Defendant intends to rely on and/or utilize at the trial of this

Filed                  23-CI-00755   06/04/2023        Brandi Duvall, Warren Circuit Clerk

matter. This includes, but is not limited to, any videotapes or audiotapes in the possession, custody, or control of the Defendant or any agent, servant, or employee, thereof.

**RESPONSE:**

**RPOD 10:**    Please produce any organizational charts for the Defendant, including any organizational charts and/or documents listing employees or agents or servants of the Defendant, as such relate to the time period of 2015 to the present. Designate by name and address the official custodian of any such documents or charts.

**RESPONSE:**

**RPOD 11:**    Please produce any and all Employer Information EEO-1 reports generated, created, or maintained by you, or otherwise in your possession, from 2010 to the present date.

**RESPONSE:**

**RPOD 13:**    Please produce a copy of any policy procedure, regulation, or guideline, maintained, generated, or followed by Defendant regarding 1) discipline of new and current employees, 2) the issues of wage payments, back-due wage payments or retaliation, or 3) any other issue that may be implicated by this case.

**RESPONSE:**

**RPOD 14:**    Please produce a copy of any documents (including but not limited to emails, letters, faxes, text messages, and other electronic messages) reflecting or memorializing any conversations or communications between Plaintiff and any employee, apparent agent, ostensible agent, or servant of Defendant.

**RESPONSE:**

**RPOD 15:**    Provide a copy of any and all documents referred to, relied upon, or otherwise referenced in responding to the above Interrogatories or Requests for Production of Documents, regardless of the origin of said documents.

**RESPONSE:**

Respectfully Submitted,

Joseph D. Gaines
GORSKI LAW OFFICE, P.S.C.
161 St. Matthews Avenue, Suite 7
Louisville, Kentucky 40207
(502) 569-6795
(502) 690-8438
josephdgaineslaw@gmail.com
*Counsel for Plaintiff*

A. Nicholas Naiser
NAISER LAW OFFICE
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
Nick@naiserlaw.com
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This will certify that a true copy of the foregoing has been forwarded Certified U.S. Mail to the agents for service of process listed in the Complaint, on the day the Complaint was filed.

By: /s/Joseph D. Gaines
Joseph D. Gaines

Filed                23-CI-00755    06/04/2023        Brandi Duvall, Warren Circuit Clerk

# WARREN CIRCUIT COURT
## CIRCUIT DIVISION_____
### NO. _____

### *Electronically Filed*

**MATTHEW B. IRVIN**                                                                  **PLAINTIFF**

**V.    PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, CAPTAIN MIKE ELLIOTT**

**BOWLING GREEN POLICE DEPARMENT,** *et. al.*                          **DEFENDANTS**

**\* \* \* \* \* \* \* \* \* \***

Comes the Plaintiff, Matthew B. Irvin, by and through counsel, and for his First Set of Interrogatories and Requests for Production of Documents to Defendant, Mike Elliott, states as follows:

**INTERROGATORY NO. 1**:          Please state the name, address, official position and/or job title of any and all persons who participated in preparation of the answers to these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2**:          As to Chief Michael Delaney, please state as follows:

(a)      The inclusive dates of his employment with the Defendant;

(b)      His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)      His professional address, including county of residence and location of principal employment location for Defendant;

(d)      Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(e)      Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant



including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 3**:            As to Captain Johnathan Vickous, please state as follows:

(a)        The inclusive dates of his employment with the Defendant;

(b)        His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)        His professional address, including county of residence and location of principal employment location for Defendant;

(d)        Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(e)        Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 4**:            As to Captain Geoff Gleitz, please state as follows:

(a)        The inclusive dates of his employment with the Defendant;

(b)        His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)        His professional address, including county of residence and location of principal employment location for Defendant;

(d)        Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(e)     Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 5:**          As to Captain Mike Elliott, please state as follows:

(a)     The inclusive dates of his employment with the Defendant;

(b)     His employment status with the Defendant (i.e., hourly employee, salary employee, independent contractor, etc.);

(c)     His professional address, including county of residence and location of principal employment location for Defendant;

(d)     Any and all job titles/duties he held during her working relationship with the Defendant (including dates he held such job titles); and

(e)     Please describe in detail all reasons why he has been reprimanded, suspended, terminated, or otherwise disciplined with regard to his employment with the Defendant including a description of any discipline, reprimand, etc. that was instituted or undertaken, if applicable.

**ANSWER:**

**INTERROGATORY NO. 6:**          State whether the Defendant is or was insured under a policy or policies of insurance, which the Defendant claims or believes may provide coverage for the claims made herein by Plaintiff, whether such coverage is primary, excess, or umbrella, or other type of coverage.  If so, state for each policy that policy number, insurance carrier, type and limits of liability coverage, and whether the carrier has denied coverage and/or reserved rights. Please state whether the Defendant is self-insured and, if so, state the limits of self-insurance.

**ANSWER:**

**INTERROGATORY NO. 7:**          Please describe in detail any lawsuits, court actions, administrative or board actions, or formal or informal complaints filed, made, or brought against the Defendant with regard to the issue of wage retaliation, hostile work environment, and/or discrimination retaliation from 2015 through the present.  Please include in your response the following:

(a)    The name and address of any complaining person(s);

(b)    Date such complaint was filed and/or brought (approximate if necessary);

(c)    Describe in detail what the complaint was about;

(d)    Any corrective action or affirmative steps taken by the Defendant; and

(e)    The resolution or conclusion of, or the decision regarding, any such complaint, lawsuit, action, etc.

**ANSWER:**

**INTERROGATORY NO. 8**:          Please describe in detail the substance of any statements made by the Plaintiff that in any way relate to this litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**          Describe in detail the understanding of the Defendant as to any discriminatory and/or retaliatory conduct of any agent, employee, or servant of the Defendant toward the Plaintiff.  Include in your response any and all actions or statements made or taken of a discriminatory and/or retaliatory nature, including the dates and locations any such actions or statements of any agent, employee, or servant of the Defendant.

**ANSWER:**

**INTERROGATORY NO. 10:**          Are there any documents responsive to the below requests for production of which Defendant is aware but have been deleted or destroyed, or are not

being produced for any reasons other than privilege? If so, please describe in detail the contents of any such documents.

**ANSWER:**

**INTERROGATORY NO. 11:**     State the names, last known address, and telephone number of any person who may have knowledge of facts material to this litigation.

**ANSWER:**

**INTERROGATORY NO. 12:**     State the name, address, and telephone number of any person who may be called as a non-expert witness at the trial of this matter, including a brief synopsis of the facts known by each person listed and the testimony expected of each person.

**ANSWER:**

**INTERROGATORY NO. 13:**     State the name, address, telephone number and qualifications of any person who may be called as an expert witness on behalf of the Defendant. For each person so identified, state the subject matter to which the expert witness is expected to testify, a synopsis of the facts and opinions that he/she is expected to testify to, and a summary of the ground for each such opinion held.

**ANSWER:**

**INTERROGATORY NO. 14:**     Please identify any and all exhibits, demonstrative evidence, or other documentary evidence, that Defendant intends to utilize at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 15:**     As to Plaintiff, please state as follows:

(a) The inclusive dates of his employment with the Defendant;

(b) His employment status with the Defendant while employed (i.e. hourly employee, salary employee, independent contractor, volunteer, etc.);



(c) Any and all job titles/duties he held during his working relationship with the Defendant (including dates he held such job titles); and

(d) Whether Plaintiff was ever disciplined in any way, and if so the name(s) of the individual(s) who made the decision to discipline the Plaintiff, when said discipline occurred, and why said discipline occurred.

**ANSWER:**

**INTERROGATORY NO. 16:**    Please state when the Defendant first anticipated the reasonable possibility of litigation with Plaintiff arising out of discrimination.

**ANSWER:**

**INTERROGATORY NO. 17:**    Please describe with specificity any review and/or investigation conducted by the Defendant with regard to any complaint, lawsuit, or action brought, filed or made against the Defendant with regard to the employment of the Plaintiff with the Defendant, including, but not limited to, any reviews or investigations related to any discrimination or retaliation complaints made by the Plaintiff or anyone else.  Please include in your response the following:

(a) The reason for such review and/or investigation, including the name and address of instituted and/or requested such a review and/or investigation;

(b) The names and addresses of any and all individuals interviewed or spoken to in regard to such review and/or investigation;

(c) The name and address of any court reporter or other individual who transcribed any statements or interviews made at such an investigation and/or review;

(d) The name and address of any individuals (including attorneys) who were present at or participated as a consulting party, on behalf of the Defendant with regard to the aforementioned investigation/review; and

(e) The substance of any formal or informal conclusions or findings of said review/investigation.

**ANSWER:**

**INTERROGATORY NO. 18:**    Please identify any other documents or other tangible things (such as computer records) which discuss the work performance of the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 19:**    Please state all of the facts and circumstances surrounding the discrimination mediation investigation initiated, investigated, and/or otherwise performed by HR on or around January 2023 and any and all statements given to HR by any employee of the Defendant Bowling Green Police Department, including but not limited to, the Plaintiff.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**RPOD 1:**    Please produce copies of any documents or tangible things (such as computer records) described or identified in, and/or that relate to, Defendant's Answers to Interrogatories.

**RESPONSE:**

**RPOD 2:**    Please produce a copy of the entire potential employee file, employee file and/or personnel file and/or any file materials or other documents in the possession, custody, or control of the Defendant regarding Plaintiff. This request includes, but is not limited to, a request for any documentation reflecting any discipline handed down to Plaintiff. Designate by name and address, the official custodian of any such personnel file and/or employee file and/or file materials or other documents.

**RESPONSE:**

**RPOD 3:**    Please produce a copy of all documents identified or referenced in Defendant's answers to Interrogatories.



**RESPONSE:**

**RPOD 4:**    Please produce a copy of any and all correspondence, including but not limited to letters, emails, text messages, between Michael Delaney, Johnathan Vickous, Geoff Gleitz, and/or Mike Elliott and any other person concerning Plaintiff and/or the discipline and/or discrimination of the Plaintiff.

**RESPONSE:**

**RPOD 5:**    Please produce a copy of any and all correspondence, including but not limited to letters, emails, and text messages, to or from any employee, agent, or servant of Defendant concerning Plaintiff and/or the discipline, demotion and/or discrimination of the Plaintiff.

**RESPONSE:**

**RPOD 6:**    If not produced in response to Request No. 2, please provide a copy of the contents of any files related to Plaintiff. Designate by name and address, the official custodian of any such documents.

**RESPONSE:**

**RPOD 7:**    Please produce a copy of any insurance policy or policies, including declarations pages that may provide coverage to the Defendant with regard to this lawsuit.

**RESPONSE:**

**RPOD 8:**    Please produce a curriculum vitae or resume of each individual whom the Defendant may call as an expert witness at the trial of this matter.

**RESPONSE:**

**RPOD 9:**    Please produce copies of any and all exhibits, documentary evidence, or demonstrative evidence which the Defendant intends to rely on and/or utilize at the trial of this

matter. This includes, but is not limited to, any videotapes or audiotapes in the possession, custody, or control of the Defendant or any agent, servant, or employee, thereof.

**RESPONSE:**

**RPOD 10:**    Please produce any organizational charts for the Defendant, including any organizational charts and/or documents listing employees or agents or servants of the Defendant, as such relate to the time period of 2015 to the present. Designate by name and address the official custodian of any such documents or charts.

**RESPONSE:**

**RPOD 11:**    Please produce any and all Employer Information EEO-1 reports generated, created, or maintained by you, or otherwise in your possession, from 2010 to the present date.

**RESPONSE:**

**RPOD 13:**    Please produce a copy of any policy procedure, regulation, or guideline, maintained, generated, or followed by Defendant regarding 1) discipline of new and current employees, 2) the issues of wage payments, back-due wage payments or retaliation, or 3) any other issue that may be implicated by this case.

**RESPONSE:**

**RPOD 14:**    Please produce a copy of any documents (including but not limited to emails, letters, faxes, text messages, and other electronic messages) reflecting or memorializing any conversations or communications between Plaintiff and any employee, apparent agent, ostensible agent, or servant of Defendant.

**RESPONSE:**

**RPOD 15:**    Provide a copy of any and all documents referred to, relied upon, or otherwise referenced in responding to the above Interrogatories or Requests for Production of Documents, regardless of the origin of said documents.

**RESPONSE:**

Respectfully Submitted,

Joseph D. Gaines
GORSKI LAW OFFICE, P.S.C.
161 St. Matthews Avenue, Suite 7
Louisville, Kentucky 40207
(502) 569-6795
(502) 690-8438
josephdgaineslaw@gmail.com
*Counsel for Plaintiff*

A. Nicholas Naiser
NAISER LAW OFFICE
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
Nick@naiserlaw.com
*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

This will certify that a true copy of the foregoing has been forwarded Certified U.S. Mail to the agents for service of process listed in the Complaint, on the day the Complaint was filed.

By: /s/Joseph D. Gaines
Joseph D. Gaines

NO. 23-CI-00755                                        **WARREN CIRCUIT COURT**
                                                                **DIVISION ONE (1)**
                                                    **JUDGE CHRISTOPHER T. COHRON**

*-Electronically Filed-*

**MATTHEW B. IRVIN**                                                    **PLAINTIFF**

**v.**                         **NOTICE OF ENTRY OF APPEARANCE**

**BOWLING GREEN POLICE DEPARTMENT,** *et al.*                  **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Undersigned counsel, A. Nicholas Naiser, notifies this Court and the parties that he, in

addition to Joseph D. Gaines, represents Matthew B. Irvin in the above action.  Counsel further

requests that all future pleadings, correspondence, and matters related to this case be sent to Mr.

Gaines, as well as the undersigned to the address below:

                                            Respectfully submitted,

                                            A. Nicholas Naiser
                                            600 W. Main Street, Suite 500
                                            Louisville, Kentucky 40202
                                            (502) 584-1210
                                            (502) 584-1212 - Facsimile
                                            nick@naiserlaw.com

                                            /s/ A. Nicholas Naiser
                                            A. Nicholas Naiser

**CERTIFICATE OF SERVICE**

This will certify that a true copy of the foregoing has been forwarded via U.S. Mail to the
agent for service of process listed in the Complaint on this 8th day of June, 2023.

                                            /s/ A. Nicholas Naiser
                                            A. Nicholas Naiser

COMMONWEALTH OF KENTUCKY
WARREN CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 23-CI-00755

***ELECTRONICALLY FILED***

MATTHEW B. IRVIN                                                                          PLAINTIFF

V.                          **DEFENDANTS' ANSWER TO COMPLAINT**

BOWLING GREEN POLICE DEPARTMENT, et al.                                    DEFENDANTS

Named Defendants, the Bowling Green Police Department, Chief Michael Delaney, in his Official Capacity and Individually, Captain Johnathan Vickous, in his Official Capacity and Individually, Captain Geoff Gleitz, in his Official Capacity and Individually, and Captain Mike Elliott, in his Official Capacity and Individually (hereafter "the Answering Defendants"), by counsel, for their Answer to the Plaintiff's Complaint, state as follows:

**FIRST DEFENSE**

The Plaintiff's Complaint fails to state a claim against the Answering Defendants upon which may be granted.

**SECOND DEFENSE**

Any allegation in the Plaintiff's Complaint not specifically admitted to herein by the Answering Defendants is denied.

**THIRD DEFENSE**

1.      Regarding the factual allegations set forth in paragraph 1 of the Plaintiff's Complaint, the Answering Defendants admit that the Plaintiff is a citizen and resident of Bowling Green, Warren County, Kentucky.  The Answering Defendants admit that the Plaintiff was and is

an employee of the City of Bowling Green and further state that the Bowling Green Police Department is an agency of the City of Bowling Green.

2.      Regarding the factual allegations set forth in paragraph 2 of the Plaintiff's Complaint, the Answering Defendants admit that the Bowling Green Police Department is an agency of the City of Bowling Green and admits the listed address of said Department. The City of Bowling Green is a Kentucky municipality. The remaining portions of paragraph 2 of the Plaintiff's Complaint contain legal conclusions which do not require an admission or denial by the Answering Defendants.

3.      Regarding the factual allegations set forth in paragraph 3 of the Plaintiff's Complaint, the Answering Defendants admit that Michael Delaney is a resident of the Commonwealth of Kentucky and that he is the Chief of the Bowling Green Police Department. Chief Delaney is an employee of the City of Bowling Green. The Bowling Green Police Department is an agency of the City of Bowling Green.

4.      Regarding the factual allegations set forth in paragraph 4 of the Plaintiff's Complaint, the Answering Defendants admit that Johnathan Vickous is a resident of the Commonwealth of Kentucky. Captain Vickous is an employee of the City of Bowling Green. The Bowling Green Police Department is an agency of the City of Bowling Green.

5.      Regarding the factual allegations set forth in paragraph 5 of the Plaintiff's Complaint, the Answering Defendants admit that Geoff Gleitz is a resident of the Commonwealth of Kentucky. Captain Gleitz is an employee of the City of Bowling Green. The Bowling Green Police Department is an agency of the City of Bowling Green.

6.      Regarding the factual allegations set forth in paragraph 6 of the Plaintiff's Complaint, the Answering Defendants admit that Mike Elliott is a resident of the Commonwealth

845B573B-A9CD-46BE-8D27-1AB257D7E7CD : 000002 of 000010

ANS : 000002 of 000010

Filed        23-CI-00755    06/27/2023              Brandi Duvall, Warren Circuit Clerk

of Kentucky.  Captain Elliott is an employee of the City of Bowling Green.  The Bowling Green

Police Department is an agency of the City of Bowling Green.

      7.     The Answering Defendants have insufficient information to respond to the factual

allegations set forth in paragraph 7 of the Plaintiff's Complaint, same constituting a denial.

      8.     Paragraph 8 of the Plaintiff's Complaint contains legal conclusions which do not

require an admission or denial by the Answering Defendants.  To the extent that paragraph 8 of

the Plaintiff's complaint is construed to contain factual allegations, the Answering Defendants

deny same.

      9.     Regarding the factual allegations set forth in paragraph 9 of the Plaintiff's

Complaint, the Answering Defendants admit that the Plaintiff was and is employed by the City of

Bowling Green and further state that the Bowling Green Police Department is an agency of the

City of Bowling Green.

      10.    Regarding the factual allegations set forth in paragraph 10 of the Plaintiff's

Complaint, the Answering Defendants admit that Michael Delaney is the Chief of the Bowling

Green Police Department and that he has general supervisory authority over all City employees

that work in the Police Department.  The Plaintiff also has had various direct supervisors during

his employment tenure which are not identified in paragraph 10 of the Plaintiff's Complaint.

      11.    Regarding the factual allegations set forth in paragraph 11 of the Plaintiff's

Complaint, the Answering Defendants admit that both the Plaintiff and Chief Delaney are African

Americans.

      12.    Regarding the factual allegations set forth in paragraph 12 of the Plaintiff's

Complaint, the Answering Defendants admit that the Plaintiff made a report to Chief Delaney in

or around October 2020.  The Answering Defendants deny the remaining factual allegations set

Filed        23-CI-00755    06/27/2023              Brandi Duvall, Warren Circuit Clerk

forth in paragraph 12 of the Plaintiff's Complaint and affirmatively state that an investigation was opened the same day the report was made. The statement that Chief Delaney "never gave Plaintiff the time of day to explain what was going on" is false.

13.    The Answering Defendants have insufficient information to respond to the factual allegations set forth in paragraph 13 of the Plaintiff's Complaint, same constituting a denial.

14.    The Answering Defendants deny the factual allegations set forth in paragraph 14 of the Plaintiff's Complaint. In addition, the Answering Defendants state that the Plaintiff was not promoted to detective; rather, he received a lateral transfer to detective.

15.    The Answering Defendants deny the factual allegations set forth in paragraph 15 of the Plaintiff's Complaint. In addition, the Answering Defendants state that the incident referenced in said paragraph involved an employee's commentary on the COVID masking requirements in place at the time and said employee was subsequently disciplined for his behavior.

16.    The factual allegations set forth in paragraph 16 of the Plaintiff's complaint which reference the Plaintiff's brother contain inaccurate statements; do not purport to involve the Plaintiff; are not admissible evidence; and should be stricken from the record herein. The statements in this paragraph do not require an admission or denial by the Answering Defendants. The Answering Defendants deny the remaining factual allegations set forth in paragraph 16 of the Plaintiff's Complaint and affirmatively state that the Plaintiff was not subjected to retaliation at any time.

17.    Regarding the factual allegations set forth in paragraph 17 of the Plaintiff's Complaint, the Answering Defendants state that the incident involving the posting of rap lyrics was immediately addressed and the lyrics were removed the same day. The employee responsible for posting it was disciplined.

845B573B-A9CD-46BE-8D27-1AB257D7E7CD : 000004 of 000010

ANS : 000004 of 000010

Filed          23-CI-00755    06/27/2023              Brandi Duvall, Warren Circuit Clerk

18.     Regarding the factual allegations set forth in paragraph 18 of the Plaintiff's Complaint, the Answering Defendants deny that the Plaintiff's work evaluations were connected in any way to any complaints he made.  The City and Chief Delaney immediately investigated the Plaintiff's complaints and disciplined all employees who violated Department policies.  Plaintiff's work evaluations focused solely on Plaintiff's job performance and his placement on a performance improvement plan was not discipline nor was it retaliation.  Rather, this was done to try and help the Plaintiff improve his work performance.  It is admitted that Chief Delaney did not accept the Plaintiff's resignation when it was tendered to him.  Rather, Chief Delaney advised the Plaintiff to reconsider his decision.

19.     Regarding the factual allegations set forth in paragraph 19 of the Plaintiff's Complaint, the Answering Defendants admit that in November 2022, the Plaintiff was transferred laterally from Criminal Investigations to Patrol.  This transfer did not result in any loss in pay for the Plaintiff.   This reassignment was made after the Commonwealth Attorney's Office communicated that it had lost confidence in the Plaintiff's ability investigate serious felony cases.  The reassignment was not made in retaliation for any complaints made by the Plaintiff to the City or to the EEOC.  Once the EEOC completed its investigation, it conducted a conciliation conference to try and mediate the matter.  When the conciliation conference did not result in a settlement, the EEOC turned the matter over to the Department of Justice ("DOJ") for a determination whether or not it would prosecute a civil lawsuit on Plaintiff's behalf.  This was only done because the employer here is a public entity and federal law requires oversight from DOJ.  The DOJ determined not to proceed on the Plaintiff's behalf.

20.     Regarding the factual allegations set forth in paragraph 20 of the Plaintiff's Complaint, the Answering Defendants admit the Plaintiff was placed on modified duty for a back

Filed          23-CI-00755    06/27/2023              Brandi Duvall, Warren Circuit Clerk

injury in December 2022. The Answering Defendants deny the remaining factual allegations set forth in paragraph 20 of the Plaintiff's Complaint. Modified duty responsibilities are based on the restrictions provided by the employee's physician. The Plaintiff was provided the same opportunities as any other employee on modified duty subject to the restrictions imposed by his doctor.

21.     Paragraph 21 of the Plaintiff's Complaint contains improper statements regarding settlement discussions that are not admissible evidence, and which should be stricken from the record herein. The statements in this paragraph do not require an admission or denial by the Answering Defendants.

22.     The Answering Defendants deny the factual allegations set forth in paragraph 22 of the Plaintiff's Complaint. The Answering Defendants further state that the Plaintiff's medical restrictions at the time would not permit him to shoot a heavy sniper rifle because it would have placed him at risk of injury. As such, he was not allowed to violate his modified duty restrictions. This decision had nothing to do with race.

23.     The Answering Defendants deny the factual allegations set forth in paragraph 23 of the Plaintiff's Complaint. The Answering Defendants further state that no disciplinary actions were taken against the Plaintiff for not clocking out properly. The Plaintiff was asked to clock in and out at the police station while on modified duty. After a random check, it was discovered that the Plaintiff was not in compliance. During this time, other officers on modified duty were also checked for compliance.

24.     The Answering Defendants deny the factual allegations set forth in paragraph 24 of the Plaintiff's Complaint.

Filed        23-CI-00755    06/27/2023        Brandi Duvall, Warren Circuit Clerk

25.    The Answering Defendants deny the factual allegations set forth in paragraph 25 of the Plaintiff's Complaint.

26.    The Answering Defendants deny the factual allegations set forth in paragraph 26 of the Plaintiff's Complaint.  The Answering Defendants further state that the Plaintiff was told to take his time returning back off of modified duty to look out for his safety, not to punish him.

27.    Regarding the factual allegations set forth in paragraph 27 of the Plaintiff's Complaint, the Answering Defendants state that the Plaintiff was informed that the supervisor who had him for the majority of the evaluation period would conduct his yearly evaluation.  This was done because the Plaintiff's current supervisor could not properly evaluate him because he was off on modified duty at the time.  The supervisor who has an employee for the majority of the evaluation period typically completes this task.

28.    The Answering Defendants deny the factual allegations set forth in paragraph 28 of the Plaintiff's Complaint.  The Answering Defendants further state that the Plaintiff was provided opportunities, resources, and understanding to succeed. The Department hired a professional coach for the Plaintiff to work with but the Plaintiff resisted all such attempts to improve his work performance. On numerous occasions the Plaintiff was provided with grace and understanding in hopes that he could be a successful investigator. The Plaintiff either mistakenly or intentionally failed to provide information during a murder hearing. The Department took the stance this was a training issue and tried to provide the Plaintiff the ability to overcome this mistake. The Plaintiff instead became very hostile and refused to comply with any and all performance improvement plans.

29.    Paragraph 29 of the Plaintiff's Complaint does not require an admission or denial by the Answering Defendants.

Filed        23-CI-00755    06/27/2023        Brandi Duvall, Warren Circuit Clerk

Filed        23-CI-00755    06/27/2023        Brandi Duvall, Warren Circuit Clerk

30.    The Answering Defendants deny the factual allegations set forth in paragraph 30 of the Plaintiff's Complaint.

31.    The Answering Defendants deny the factual allegations set forth in paragraph 31 of the Plaintiff's Complaint.

32.    The Answering Defendants deny the factual allegations set forth in paragraph 32 of the Plaintiff's Complaint.

33.    Paragraph 33 of the Plaintiff's Complaint does not require an admission or denial by the Answering Defendants.

34.    The Answering Defendants deny the factual allegations set forth in paragraph 34 of the Plaintiff's Complaint.

35.    The Answering Defendants deny the factual allegations set forth in paragraph 35 of the Plaintiff's Complaint.

36.    The Answering Defendants deny that the Plaintiff is entitled to any of the relief requested in the Plaintiff's Complaint.

### FOURTH DEFENSE

The Answering Defendants plead all applicable affirmative defenses set forth in CR 8.03 to include, without limitation, laches and statute of limitations.

### FIFTH DEFENSE

The Answering Defendants plead sovereign immunity, governmental immunity, qualified immunity, qualified official immunity, and/or the immunity afforded by the Kentucky Claims Against Local Governments Act, KRS 65.200, et seq., as a defense to Plaintiff's claims against them.

Filed        23-CI-00755    06/27/2023        Brandi Duvall, Warren Circuit Clerk

Filed          23-CI-00755    06/27/2023          Brandi Duvall, Warren Circuit Clerk

## SIXTH DEFENSE

The Answering Defendants plead the applicable provisions of the Kentucky Civil Right Act, KRS § 344.010, et seq., as a defense to Plaintiff's claims against them.

## SEVENTH DEFENSE

The Answering Defendants plead the Plaintiff's failure to exhaust administrative remedies and/or to satisfy conditions precedent as a defense to Plaintiff's claims against them.

## EIGHTH DEFENSE

The Answering Defendants reserve the right to assert additional defenses, affirmative defenses, and/or claims to conform with the proof developed in this case.

WHEREFORE, named Defendants, the Bowling Green Police Department, Chief Michael Delaney, in his Official Capacity and Individually, Captain Johnathan Vickous, in his Official Capacity and Individually, Captain Geoff Gleitz, in his Official Capacity and Individually, and Captain Mike Elliott, in his Official Capacity and Individually , pray for the following relief from the Court:

A.     That the Plaintiff's claim against them be dismissed with prejudice, the Plaintiff to take nothing by way of relief thereunder;

B.     For an award of their costs expended herein, to include their attorneys' fees;

C.     For a trial by jury as may be deemed necessary; and

D.     For any and all other relief to which it may be deemed entitled.

Filed          23-CI-00755    06/27/2023          Brandi Duvall, Warren Circuit Clerk

Filed          23-CI-00755    06/27/2023          Brandi Duvall, Warren Circuit Clerk

This 27th day of June, 2023.

> KERRICK BACHERT PSC
> 1025 State Street
> Bowling Green, KY 42101
> Telephone: (270) 782-8160
> tkerrick@kerricklaw.com
> mcook@kerricklaw.com
>
>
> */s/ Matthew P. Cook*
> Thomas N. Kerrick
> Matthew P. Cook
> *Counsel for Defendants*

## CERTIFICATE OF SERVICE

This will certify that a true and exact copy of the foregoing was this 27th day of June, 2023, electronically filed and forwarded via the KCOJ efiling system to:

Joseph D. Gaines
Gorski Law Office, PSC
161 St. Matthews Avenue, Suite 7
Louisville, KY 40207
josephgaineslaw@gmail.com

A. Nicholas Naiser
Naiser Law Office
600 West Main Street, Suite 500
Louisville, KY 40202
nick@naiserlaw.com


> */s/ Matthew P. Cook*
> *Counsel for Defendants*

10

Filed          23-CI-00755    06/27/2023          Brandi Duvall, Warren Circuit Clerk

845B573B-A9CD-46BE-8D27-1AB257D7E7CD : 000010 of 000010

ANS : 000010 of 000010

COMMONWEALTH OF KENTUCKY
WARREN CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 23-CI-00755

***ELECTRONICALLY FILED***

MATTHEW B. IRVIN                                                                        PLAINTIFF

V.                          **DEFENDANTS' MOTION TO STRIKE**

BOWLING GREEN POLICE DEPARTMENT, et al.                         DEFENDANTS

## NOTICE

Please take notice that the following motion shall come on for a hearing in the Warren Circuit Court, Division I, on the **17th day of July, 2023**, at the hour of **9:00 a.m. CDT**, or as soon thereafter as counsel maybe heard.

## MOTION

Named Defendants, the Bowling Green Police Department, Chief Michael Delaney, in his Official Capacity and Individually, Captain Johnathan Vickous, in his Official Capacity and Individually, Captain Geoff Gleitz, in his Official Capacity and Individually, and Captain Mike Elliott, in his Official Capacity and Individually, by counsel, move the Court, pursuant to CR 12.06 and all other applicable rules and authorities, to strike those portions of the Plaintiff's complaint which improperly make reference to the following: (1) the Plaintiff's EEOC complaints and the proceedings held pursuant to same; (2) alleged settlement negotiations which occurred prior to the filing of this lawsuit as part of the EEOC conciliation process; and (3) the references in the complaint to an incident allegedly involving the Plaintiff's brother, but not the Plaintiff himself. A memorandum in support to of this motion is set forth below.

BD3D7577-0CC5-49A9-96DE-F2193558GDA7 : 000001 of 000017

STK : 000001 of 000014

# MEMORANDUM

## FACTUAL BACKGROUND

This case involves claims of workplace racial discrimination and is brought pursuant to the Kentucky Civil Rights Act, KRS 344.010, et seq. Prior to filing his lawsuit in this Court, Plaintiff Matthew B. Irvin, submitted two complaints to the United States Equal Employment Opportunity Commission ("EEOC"), alleging discrimination against him by his employer, the City of Bowling Green and its Police Department. The City denied the assertions made by Mr. Irvin.

As part of that administrative process, Mr. Irvin and the City participated in a conciliation conference to attempt to mediate his claims. That process did not result in a settlement. Thereafter, because the employer is a public entity, the EEOC referred the matter to the United States Department of Justice ("DOJ") pursuant to federal law to allow the DOJ to determine whether it would prosecute a civil lawsuit on Mr. Irvin's behalf. The DOJ declined to prosecute on Mr. Irvin's behalf and issued him a right to sue letter on April 26, 2023. The right to sue letter informed Mr. Irvin he had the right to file a civil lawsuit within 90 days to assert claims under Title VII of the Civil Rights Act of 1964 (as amended). See **Exhibit A** attached.

Mr. Irvin filed his lawsuit in this Court on June 4, 2023. He did not assert a claim under Title VII. Rather, he premised his lawsuit on alleged violations of the Kentucky Civil Right Act, KRS 344.010, et seq. Since Mr. Irvin did not sue under Title VII, his prior complaints to the EEOC for violations of that federal statute and any determinations made by the EEOC thereunder have no bearing on this lawsuit which is premised on alleged state law violations. As such, these references should be stricken. In addition, Plaintiff's reference in his complaint to alleged settlement offers made during the EEOC conciliation conference should also be stricken as they are neither relevant nor admissible to these proceedings. Lastly, the reference in the complaint to

Filed          23-CI-00755    06/27/2023          Brandi Duvall, Warren Circuit Clerk

BD3D7577-0CC5-49A9-96DE-F2193556DA7 : 000003 of 000017

STK : 000003 of 000014

an alleged incident involving the Plaintiff's brother (not a party to this suit), should be stricken
from the complaint because it too is irrelevant to this case.

## ARGUMENT

Kentucky Rule of Civil Procedure 12.06 allows a party to move to strike pleadings or
portions of pleadings. This rule states as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive
> pleading is permitted by these rules, upon motion made by a party within 20 days
> after the service of the pleading upon him, or upon the court's own initiative at any
> time, the court may order stricken from any pleading any insufficient defense or
> any sham, redundant, immaterial, impertinent or scandalous matter.

See also Chandler v. Robinson, No. 2014-CA-00963-MR, 2017 WL 652145, *1 (Ky. App. 2017)
(attached as **Exhibit B** and holding: "Kentucky Rule of Civil Procedure (CR) 12.06 authorized the
circuit court to strike irrelevant allegations from his complaint. See City of Ludlow v. Union Light,
Heat & Power Co., 299 Ky. 621, 186 S.W.2d 640, 641 (1945). 'Immaterial' and 'impertinent,' as
used in the rule, are synonymous with 'irrelevant.'").

Here, the Plaintiff had the option to sue under the provisions of federal law (Title VII) and
chose not to do so. All of his allegations in the prior EEOC administrative process were premised
on his allegations of violations of federal law. Plaintiff elected not to proceed with a claim alleging
violation of Title VII or any other federal statute. Instead, he brought suit and alleged violation of
the Kentucky Civil Rights Act, KRS 344.010, et seq. It was his right to do so. However, by
proceeding with only state law claims, any reference to the EEOC process which was premised on
alleged federal law violations is irrelevant in this case and the reference to the EEOC process in
the complaint should be stricken.

Likewise, the reference in the complaint to settlement discussions that occurred during the
EEOC administrative matter are irrelevant to this proceeding. Kentucky Rule of Evidence 408

Filed          23-CI-00755    06/27/2023          Brandi Duvall, Warren Circuit Clerk

Filed          23-CI-00755    06/27/2023          Brandi Duvall, Warren Circuit Clerk

plainly makes reference to settlement offers or negotiations inadmissible.  <u>See also</u> <u>Elam v. Woolery</u>, 258 S.W.2d 452, 453-454 (Ky. 1953) ("It is a rule of universal application, so far as we are advised, that an offer of compromise is not admissible as evidence upon the trial of a case.  The reason for the rule is that the law favors settlement of controversies out of court, and will not permit an offer of compromise to be used as a weapon against the party making the offer … Nothing is more prejudicial to a litigant's case, and the courts have always been zealous in safeguarding the rule which prohibits the introduction of such testimony."); <u>Green River Elec. Corp. v. Nantz</u>, 894 S.W.2d 643, 645 (Ky. App. 1995) ("throughout judicial history the law has favored out-of-court settlements, and therefore, will not allow a compromise or an offer to be used adversely against the party making the offer.").

It was wholly improper to reference the EEOC conciliation conference in the complaint herein and to attempt to make the Defendants admit or deny that settlement offers may have been made at the administrative level and if so, what any such offer was.  Pleadings can be used against a party at trial.  The reference to the EEOC conciliation was an improper attempt to bring inadmissible settlement negotiations into these proceedings.  That cannot be allowed or tolerated. All references to the EEOC process, and most certainly the conciliation/mediation portion of that process, should be stricken from the complaint and not referenced in this lawsuit.  <u>See, e.g.</u>, <u>E.E.O.C. v. Hibbing Taconite Co.</u>, 266 F.R.D. 260, 277 (D. Minn. 2009) ("the substance and details of any settlement offers, or discussions are not discoverable").

Likewise, the reference in paragraph 16 of the complaint to an alleged incident involving the Plaintiff's brother, who is not a party to this case, is irrelevant and should also be stricken. This alleged incident does not purport to have involved the Plaintiff.  It has no bearing on the Plaintiff's case; it should be stricken and not considered herein.

4

Filed        23-CI-00755    06/27/2023        Brandi Duvall, Warren Circuit Clerk

## CONCLUSION

Based on the foregoing, the Defendants urge the Court to grant their motion to strike the portions of the Plaintiff's complaint which reference the EEOC administrative process and EEOC conciliation conference and any settlement offers or discussions which took place therein. The entry of a consistent order is respectfully prayed.

This 27th day of June, 2023.

> KERRICK BACHERT PSC
> 1025 State Street
> Bowling Green, KY 42101
> Telephone: (270) 782-8160
> tkerrick@kerricklaw.com
> mcook@kerricklaw.com
>
> /s/ Matthew P. Cook
> Thomas N. Kerrick
> Matthew P. Cook
> *Counsel for Defendants*

## CERTIFICATE OF SERVICE

This will certify that a true and exact copy of the foregoing was this 27th day of June, 2023, electronically filed and forwarded via the KCOJ efiling system to:

> Joseph D. Gaines
> Gorski Law Office, PSC
> 161 St. Matthews Avenue, Suite 7
> Louisville, KY 40207
> josephgaineslaw@gmail.com
>
> A. Nicholas Naiser
> Naiser Law Office
> 600 West Main Street, Suite 500
> Louisville, KY 40202
> nick@naiserlaw.com

> /s/ Matthew P. Cook
> Counsel for Defendants

5

BD3D7577-0CC5-49A9-96DE-F2193S586DA7 : 000005 of 000017

STK : 000005 of 000014



**U.S. Department of Justice**

Civil Rights Division

---

KC:MLB:KLF
DJ 170-30-0

*Employment Litigation Section – 4CON*
*950 Pennsylvania Avenue, NW*
*Washington, DC  20530*
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL                                                    April 26, 2023

Mr. Matthew B. Irvin
c/o A. Nicholas Naiser, Esquire
Naiser Law Office
600 W. Main St., Ste. 500
Louisville, KY  40202

           Re:    Matthew B. Irvin v.  Bowling Green Police Dept, et al.,
                   EEOC Charge Nos. 474-2021-00125 & 474-2023-00193

Dear Mr. Irvin:

      It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC).  This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

      You are hereby notified that conciliation in this matter was unsuccessful by the EEOC.  You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent.  If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

      If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to:   Alan Anderson, Director, EEOC, 600 Dr. Martin Luther King Jr. Place, Suite 268, Louisville, KY  40202.

                  Sincerely,

                  Kristen Clarke
                  Assistant Attorney General
                  Civil Rights Division

           By:   *Meredith L. Burrell*

                  Meredith L. Burrell
                  Principal Deputy Chief
                  Employment Litigation Section

cc:    Matthew B. Irvin
       Bowling Green Police Dept., et al. c/o T. Kerrick, Esquire
       EEOC, Louisville Area Office

BD3D7577-0CC5-49A9-96DE-F2193556DA7 : 000006 of 000017

STK : 000006 of 000014

EXHIBIT A



Case 1:23-cv-00117-GNS-HBB    Document 1-2    Filed 09/15/23    Page 80 of 127 PageID #: 86
Filed          23-CI-00755    06/27/2023          Brandi Duvall, Warren Circuit Clerk
Chandler v. Robinson, Not Reported in S.W. Rptr. (2017)

2017 WL 652145

2017 WL 652145
Only the Westlaw citation is currently available.

Unpublished opinion. See KY ST
RCP Rule 76.28(4) before citing.

NOT TO BE PUBLISHED
Court of Appeals of Kentucky.

Steve CHANDLER, Appellant

v.

William ROBINSON, Executor of
the Estate of Harold Keith Chandler;
Randy Fish; and Payeton Fish, Appellees

NO. 2014–CA–000963–MR
|
FEBRUARY 17, 2017; 10:00 A.M
|
Discretionary Review Denied by
Supreme Court April 18, 2018

APPEAL FROM CRITTENDEN CIRCUIT COURT,
HONORABLE RENÉ WILLIAMS, JUDGE, ACTION NO.
11–CI–00150

**Attorneys and Law Firms**

BRIEF FOR APPELLANT: Kayce R. Powell, Hopkinsville,
Kentucky

BRIEF FOR APPELLEE: Steven D. Downey, Bowling
Green, Kentucky

BEFORE: KRAMER, CHIEF JUDGE; D. LAMBERT AND
J. LAMBERT, JUDGES.

OPINION

KRAMER, CHIEF JUDGE:

*1 Keith Chandler worked at a factory with William
Robinson and Randy Fish for several years, and Robinson
and Fish testified they were Keith's friends. They occasionally
hunted together on Keith's 238 acres of farmland situated
in Crittenden County, Kentucky, and Randy's minor son,
Payeton, would occasionally join them. On October 23, 2006,
Keith executed a last will and testament. His will named

Robinson as the executor of his estate; it designated Payeton
the beneficiary of Keith's estate; and Keith's estate included
the 238 acres of farmland.

Keith subsequently passed away in mid–July 2011.
Thereafter, Keith's elder brother, Steve Chandler, filed suit
in Crittenden Circuit Court to challenge the validity of the
will. Steve's challenge was based upon his claim that Keith
either lacked the requisite capacity to execute a will, or that
Keith's will was the product of undue influence. On May 15,
2014, following a period of litigation and a three-day trial,
a jury found in favor of the appellees and the circuit court
accordingly entered judgment in conformity with the jury's
verdict, dismissing Steve's will contest. Steve now appeals.
Finding no error, we affirm.

Steve's first argument on appeal asserts the circuit court
erred by striking "60%" of the allegations in his 10–page
complaint on the ground of relevance. As to why, Steve
contends in his brief: "Kentucky Rules of Civil Procedure
Rule 12.06, provides that 'the court may order stricken from
any pleading any insufficient defense or any sham, redundant,
immaterial, impertinent, or scandalous matter.' Unlike the
federal counterpart, relevancy is not amongst the list."

Steve is incorrect. Kentucky Rule of Civil Procedure
(CR) 12.06 authorized the circuit court to strike irrelevant
allegations from his complaint. *See City of Ludlow v. Union
Light, Heat & Power Co.*, 299 Ky. 621, 186 S.W.2d 640,
641 (1945). "Immaterial" and "impertinent," as used in the
rule, are synonymous with "irrelevant." To the extent Steve's
contention could also be considered an invitation to review
the relevance of the "60%" of his stricken allegations, we
decline. With the exception of Paragraph 37 of his complaint,
Steve does not explain why any specific allegations were
relevant, nor does he cite any legal authority to that effect.
Thus, Steve has offered no argument for our review in that
vein. *See Cherry v. Augustus*, 245 S.W.3d 766, 781 (Ky. App.
2006).

With that said, Paragraph 37 of Steve's complaint stated:

> Keith a lifelong Crittenden County resident who previously
> worked with Rebecca Johnson, a Crittenden County
> attorney during the probate process of his mother's will,
> instead went and had Brucie Moore, who has a private
> practice in Union County, Kentucky.

Steve argues this paragraph was relevant and should not have
been stricken from his complaint because it demonstrates

BD3D7577-0CC5-49A9-96DE-F2193556DA7 : 000007 of 000017

STK : 000007 of 000014

EXHIBIT B

Case 1:23-cv-00117-GNS-HBB    Document 1-2    Filed 09/15/23    Page 81 of 127 PageID #: 87

**Chandler v. Robinson, Not Reported in S.W. Rptr. (2017)**

2017 WL 652145

Keith hired attorney Brucie Moore to draft his will after appellee Randy Fish recommended her services. But even if Paragraph 37 could be read that way and was relevant, it is unclear why Steve believes the circuit court's decision to strike it qualified as more than harmless error. During trial, Brucie Moore testified she drafted Keith's will, and Randy Fish testified that he recommended her services to Keith.

 **\*2** In a related argument, Steve contends the circuit court did not permit him to question Brucie Moore at trial concerning "her continuous involvement in this case." However, in addition to what is stated above, the circuit court informed the jury during *voir dire* that William Robinson, Randy Fish, and Keith's estate were represented by an attorney from Brucie Moore's law firm. It is unclear from Steve's brief what he expected to elicit from Brucie Moore that would not have been cumulative of those facts.

Steve also states, without citation to the record, that he asserted an "equity argument within his complaint for his legal interest in 50% of undistributed property of [their mother's estate]" that remained in Keith's house following Keith's passing; that the circuit court struck from his complaint the allegations that comprised his "equity argument"; and "[t]o make sure that regardless of the outcome of the case, Steve's interest in family heirlooms was preserved, immediately following trial, Steve filed a petition to reopen his mother's probate simply to preserve his claim in the personal property."

This appears to be a contention that the circuit court erred by striking a claim from Steve's complaint and effectively dismissing it without adjudicating its merits (*i.e.*, without prejudice). To that extent, it is Steve's burden to demonstrate the circuit court abused its discretion in doing so. *Sublett v. Hall*, 589 S.W.2d 888, 893 (Ky. 1979). Steve cites no authority in support of that proposition, nor does he explain how the circuit court's decision not to adjudicate the merits of his "equity argument" amounted to more than harmless error. *See* CR 61.01. Thus, it is unnecessary to discuss this point further.

Next, Steve argues the circuit court judge demonstrated "extreme bias" and should have recused. In support, Steve broadly states that the circuit court overruled several of his motions; "asserted many conclusory opinions on various aspects of the case"; excluded evidence he sought to introduce; made legal conclusions that he believed were incorrect; incorporated language and reasoning from some

of the appellees' pleadings into several of its orders; did not dismiss an abuse of process counterclaim asserted against him by the appellees until two years after it was filed; and in one of its orders, referred to him as Keith's "estranged brother."

Steve also adds that during the December 8, 2011 hearing regarding the appellees' motion to strike, the circuit court demonstrated it had prejudged the merits of his case because it asked him whether Keith had ever been adjudged mentally incompetent; and asked him to explain why he had indicated in his complaint that: (1) Keith had been appointed executor of their mother's estate through her will and had eventually served her estate in that capacity from 2007 until 2008; (2) Steve had not challenged Keith's appointment as their mother's executor; (3) Keith had been employed full time for several years before and after he executed his will; and (4) Keith had been capable of driving an automobile.[1,2] Steve also argues that, due to this line of questioning, he "left that hearing in tears, feeling as if he was personally attacked and cross examined by the Court for his action or inactions taken on behalf of his brother or mother."

 **\*3** The legal standard for disqualifying a judge on the basis of bias is set forth in Kentucky Revised Statute (KRS) 26A.015(2).[3] What Steve has broadly asserted lends no support to the notion that the judge should have been disqualified under this high standard. At most, it indicates that over the course of the litigation the judge arrived at legal conclusions on the basis of what was represented in the various pleadings and motions; and that Steve either disagreed with the circuit court's interpretations of the law, or took issue with the speed at which they were made. We are also unaware of any authority—and Steve cites none—indicating that a court's characterization of an individual as "estranged" on one occasion, or its incorporation of language used by a litigant into its orders, approaches this high standard.

Regarding Steve's contention that the circuit court's line of questioning at the December 8, 2011 hearing reflected it had already formed an opinion of the merits of his case, we disagree. A central purpose of filing a complaint is to provide a short and plain statement of a claim showing entitlement to relief. CR 8.01(1). As set forth in his complaint, Steve claimed Keith's last will and testament was invalid because Keith suffered from a lifelong mental illness that completely prevented him from making any decisions or exercising any judgment.[4] However, Steve's additional allegations discussed above (*i.e.*, Keith drove and was licensed to drive a motor

**Filed**          **23-CI-00755    06/27/2023**          **Brandi Duvall, Warren Circuit Clerk**

Chandler v. Robinson, Not Reported in S.W. Rptr. (2017)

2017 WL 652145

vehicle; was appointed and functioned as the executor of his mother's estate; and was employed at a full-time job before and after he executed his will) appeared to undermine that proposition. Having reviewed the recording of the December 8, 2011 hearing, nothing about it indicates the circuit court was prejudging the merits of Steve's claim or attempting to impugn his character; it was asking Steve for further explanation and clarity.

**\*4** Next, Steve argues the circuit court committed error by permitting the appellees to voluntarily dismiss their above-referenced abuse of process claim against him because, at the time of the dismissal, he had filed a response to it. As to how this prejudiced him, Steve asserts:

> The abuse of process counterclaim was a frivolous sham, and it's [sic] only purpose was to force Steve into filing excessive pleadings and responses thereto. Purpose designed solely to bully and intimidate Steve out of his cause of action and financially strap any attorney from continuing with the fight without requiring Plaintiff to pay an astronomical amount up front. Then to allow attorney [sic] to orally dismiss it a week before trial, is a deliberate abuse of discretion. Especially in light of the fact that, Defendants [sic] entire case stemmed on the fact that they claim Keith told them that his brother bullied him and always bossed him around. Steve should have been permitted to show the jury who the real bullies in the case have been.

To be clear, the jury was tasked with resolving whether Keith had testamentary capacity; and, if so, whether the appellees exerted undue influence upon Keith prior to or during the execution of his will. From the face of Steve's argument set forth above, it is unclear how introducing evidence regarding an ancillary claim that the appellees chose not to pursue—a claim Steve himself has characterized as frivolous—would have assisted the jury in resolving those issues. To the extent that the circuit court erred on this point, its error was harmless and not a basis for reversal.

Steve's next argument is that the circuit court committed prejudicial error by entering an order overruling a set of "objections" he filed of record shortly after many of the allegations in his complaint were stricken pursuant to CR 12.06. His objections reincorporated most, if not all, of the substance of a response he had previously filed in opposition to the appellee's motion to strike. From the face of the "objections" he filed and his argument on appeal, it appears Steve was and continues to be under the impression that,

for the purpose of preserving error, it was necessary to file a document into the record, shortly after the circuit court entered its strike order, which once again memorialized why he disagreed with the circuit court's decision to strike part of his complaint. And, it appears Steve believes that when the circuit court thereafter entered an order overruling his "objections," the circuit court was attempting to *erase* his attempt at preserving error. In the words of his brief:

> Despite recognizing that Steve's filed objections neither requested the Court to alter, amend, or vacate previous order, on August 9, 2012, the Court sua sponte, issued an additional Order for the sole purpose of Overruling Steve's filed Objection to preserve the record. One can only speculate that the purpose of the unsolicited Order was to keep the record clear for a speedy summary judgment.

What Steve has argued is not indicative of bias or error. It is a misapprehension of the civil rules and a misunderstanding of what occurred. No rule of procedure required Steve to file a second, post-judgment objection to having his complaint partially stricken.[5] For the purpose of preserving error for appeal, it was enough that he filed a response to the appellees' motion to strike. Moreover, the order Steve perceived as the circuit court's attempt to erase his preservation of error was nothing of the sort, nor could it have had such an effect. As Steve's argument tends to indicate, the order was the result of the circuit court's understanding that Steve's "objections" were a post-judgment motion to alter, amend, or vacate its decision. The circuit court's order overruling his "objections" specifically stated as much. In overruling Steve's "objections," the court was not attempting to erase Steve's attempt at preserving error; it was informing him that it would not alter, amend, or vacate its prior ruling.

**\*5** Next, Steve argues the circuit court erroneously determined, in an order entered January 16, 2014, that the period allowed for discovery had expired. As to why, he acknowledges the circuit court had scheduled discovery to end on November 12, 2013, but he contends that discovery was continued indefinitely after he filed a Kentucky Revised Statute (KRS) 26A.020 petition to disqualify the circuit court judge on October 21, 2013.

A KRS 26A.020 petition has the operative effect of placing a case in abeyance. It deprives the circuit court of particular case jurisdiction until the Chief Justice of the Kentucky Supreme Court determines the merits of the petition; enforcement of any judgment entered by the circuit court

2017 WL 652145

during that period of time is suspended until the Chief Justice renders his or her decision. *See Shafizadeh v. Shafizadeh*, 444 S.W.3d 437, 443 (Ky. App. 2012). However, the Chief Justice rendered his decision denying Steve's petition on December 13, 2013. Any impediment the circuit court may have had in enforcing its scheduling order, owing to Steve's KRS 26A.020 petition, was removed as of that date. Accordingly, Steve has cited nothing indicative of error.

Steve argues the circuit court erred in excluding from trial what he characterizes as evidence of undue influence exerted upon Keith *after* Keith executed his will, and events that occurred after Keith executed his will which, in Steve's view, were suspicious. This evidence includes: (1) information indicating that Keith's naked body was discovered in his basement on July 9, 2011, approximately four days after he died, and that there were loaded firearms in Keith's house at the time; (2) information indicating that, due to decomposition and embalming, the cause of Keith's death remains unknown; (3) Steve's perception of and supposition regarding the appellees' behavior on or after the date Keith's body was discovered; and (4) Steve's testimony that he and Keith did not have a contentious relationship after the date Keith executed his will, and that Randy Fish and William Robinson voiced no objection when he planned Keith's funeral in 2011.

However, suspicion, speculation, and conjecture is not evidence. *O'Bryan v. Cave*, 202 S.W.3d 585, 588 (Ky. 2006). And even if this information amounted to something more than that, Steve does not explain why any of what he has described would have been relevant to a claim of undue influence; nor do we view the circuit court's exclusion of this information on the basis of relevance as error. In the context of a will dispute alleging undue influence, relevant evidence supports a reasonable inference that undue influence *was* exerted upon a testator *prior to* or *during* the execution of the will. *Rothwell v. Singleton*, 257 S.W.3d 121, 124–25 (Ky. App. 2008).

Next, Steve takes issue with the circuit court's decision to exclude what he characterizes as "nearly a thousand posts made by Randy, online on various hunting websites under the name RJPOUTDOORS." But, these internet posts are not of record. The circuit court also prohibited Steve from adducing them at trial as part of a discovery sanction because, despite the circuit court's holding that this information was discoverable, Steve refused to produce it to the appellees. It is unnecessary to discuss this point further because Steve cites

no authority to support the circuit court acted improperly in this regard.

**\*6** Throughout a substantial portion of his brief, Steve also argues the evidence adduced at trial and during his cross-examination of the appellees compellingly demonstrated the appellees exerted undue influence upon Keith prior to the execution of his will, which resulted in an unnatural disposition of his property. In other words, he is apparently making an argument based upon the sufficiency of the evidence produced at trial.

This type of argument is properly raised and preserved through a motion for judgment notwithstanding the verdict (JNOV). *Steel Techs., Inc. v. Congleton*, 234 S.W.3d 920, 931 (Ky. 2007). Moreover, a motion for a JNOV must, in turn, be predicated on a directed verdict motion made at the close of all the proof and prior to the entry of judgment. *Id.* at 926. Steve did not preserve any argument regarding the sufficiency of the evidence by moving for a directed verdict and JNOV. Consequently, this cannot serve as a basis for reversal.

Steve's next argument concerns whether Keith had the mental capacity to execute a will. Steve begins by correctly summarizing the requisite criteria set forth in *Bye v. Mattingly*, 975 S.W.2d 451, 455 (Ky. 1998): "To validly execute a will, a testator must: (1) know the natural objects of her bounty; (2) know her obligations to them; (3) know the character and value of her estate; and (4) dispose of her estate according to her own fixed purpose." (Internal citations omitted). Steve further states:

> It is undisputed that Keith could probably have met the minimum standards set out in the first three prongs. However, Steve and all of his witnesses adamantly dispute the fact that Keith could have met the fourth prong, which required that Keith disposed of his estate according to **HIS** own fixed purpose.

Accordingly, Steve's argument is limited to the fourth of the above-stated elements. Steve adds:

> [T]he Defendants' evidence pertaining to mental capacity all boiled down to Keith had a job in a factory that he worked for 15 years. Keith graduated from high school and trade school, and he had a driver's licenses [sic]. There was absolutely zero evidence presented by either side of Keith ever making a rational decision on his own, that didn't involve one of his parents, Steve, or one of the defendants.

Case 1:23-cv-00117-GNS-HBB   Document 1-2   Filed 09/15/23   Page 84 of 127 PageID #: 90
Chandler v. Robinson, Not Reported in S.W. Rptr. (2017)   Brandi Duvall, Warren Circuit Clerk
2017 WL 652145

If Steve is arguing the evidence adduced at trial compelled the conclusion that Keith could not have disposed of his estate according to his own fixed purpose, his argument is unpreserved. As noted, he did not move for a directed verdict and judgment notwithstanding the verdict.

Conversely, if Steve has based his argument upon the circuit court's decision to exclude evidence from trial, it is his burden on appeal to demonstrate: (1) the substance of the excluded evidence; (2) that the circuit court abused its discretion by excluding it; and (3) that there was a substantial possibility the jury would have reached a different verdict if the evidence had not been excluded. *See* Kentucky Rule of Evidence (KRE) 103;[6] *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (explaining the standard to reviewing a trial court's ruling admitting or excluding evidence is abuse of discretion, and the test is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles); *see also Hart v. Commonwealth*, 116 S.W.3d 481, 483–84 (Ky. 2003).

**\*7** In this respect, Steve has prevented this Court from reviewing much of the substance of what he complains was excluded from trial. Within the 35 pages this Court allotted him for his brief,[7] he attempts to relate the substance of what was excluded in large part by citing allegations in his complaint and six depositions that were not included with the appellate record. Allegations are not evidence, and depositions that are not filed with the appellate record cannot be considered. *See Educ. Training Sys., Inc. v. Monroe Guar. Ins. Co.*, 129 S.W.3d 850, 853 (Ky. App. 2003) ("Pleadings are not evidence."); *see also Lowe v. Taylor*, 172 Ky. 275, 189 S.W. 204, 205 (1916), explaining:

> [W]here the evidence heard by the lower court is not brought up on the appeal, the appellate court will presume that it supports the judgment rendered in the court below, and ... in the absence of any part of the evidence, this court will not, on appeal, consider any question relating to the testimony offered or introduced on the trial.

Issues of preservation aside, Steve also provides no basis for concluding the circuit court abused its discretion in excluding what he urges should have been admitted at trial. From what can be gleaned from his brief, the nature of what Steve wished to adduce at trial was as follows:

- Testimony to the effect that despite serving as the executor of their mother's estate and filing a final settlement of

her estate in September 2008, Keith did not distribute articles of her personal property according to their mother's will;

- Keith's high school transcripts indicating Keith achieved B's and C's during his last two years before graduation, but was enrolled in a number of special education math and reading classes;

- Testimony indicating that after the factory where Keith had been employed for about 15 years shut down in 2008 and Keith was subsequently laid off, Keith often did not pick up his mail, would not pay bills or purchase groceries despite having the money to do so, and lived for long periods of time without water or electricity until Steve paid to have those services restored;

- Bank records indicating the last time Keith visited the lockbox where he kept his will was June 2008;

- A durable power of attorney Mary Katherine executed on September 19, 2007, authorizing both Keith and Steve, rather than only Keith, to act as her attorney in fact in all matters;

- General information from various sources about autism and Asperger Syndrome;

- Lay opinion testimony from one of Keith's relatives, Glen Newcomb, to the effect that Keith underwent a drastic personality change after the date Keith executed his will. Newcomb's testimony was based upon his recollection of his conversations with Keith's and Steve's mother, rather than his own personal observations.

Boiled down, Steve sought to introduce this evidence because, in his view, it was probative of the state of Keith's mental condition before and after October 23, 2006, the date Keith executed his will.

The circuit court's reason for excluding this information, as stated in a pretrial order granting a motion *in limine* filed by the appellees, was that it either touched upon events too remote in time to be relevant to the issue of Keith's testamentary capacity; would have called for the jury to engage in speculation or conjecture; or was simply inadmissible hearsay. We agree.

**\*8** To be sure, a trial court may properly admit circumstantial evidence of a testator's mental state a reasonable length of time before and after the testator executes

Case 1:23-cv-00117-GNS-HBB   Document 1-2   Filed 09/15/23   Page 85 of 127 PageID #: 91

Chandler v. Robinson, Not Reported in S.W. Rptr. (2017)

2017 WL 652145

23-CI-00755   06/27/2023   Brandi Duvall, Warren Circuit Clerk

a will, so long as it has a reasonable tendency to indicate what the testator's mental state was during the execution of the will. *Pardue v. Pardue*, 312 Ky. 370, 227 S.W.2d 403, 405 (1950). In *Pardue*, for instance, a trial court reviewed evidence of a testator's capacity two years before and a few weeks after August 9, 1943, the date the testator executed his will. Two years prior, the testator had begun suffering from uremic poisoning due to kidney issues. *Id.* at 404. The testator's doctor testified that uremic poisoning had affected the testator's mind; based upon the doctor's examination of the testator in September 1943, he concluded the testator had lacked testamentary capacity at that time. *Id.* Lay witnesses also testified that the testator's condition had progressively worsened from March 1943 until his death on December 10, 1943. *Id.*

Nevertheless, as explained by the Kentucky Supreme Court in *Bye*, 975 S.W.2d at 455:

> In Kentucky there is a strong presumption in favor of a testator possessing adequate testamentary capacity. This presumption can only be rebutted by the strongest showing of incapacity. *Williams v. Vollman*, Ky.App., 738 S.W.2d 849 (1987); *Taylor v. Kennedy*, Ky .App., 700 S.W.2d 415, 416 (1985). Testamentary capacity is only relevant at the time of execution of a will. *New v. Creamer*, Ky., 275 S.W.2d 918 (1955).
>
> ...
>
> [T]he privilege of the citizens of the Commonwealth to draft wills to dispose of their property is zealously guarded by the courts and will not be disturbed based on remote or speculative evidence. *American National Bank & Trust Co. v. Penner*, Ky., 444 S.W.2d 751 (1969). The degree of mental capacity required to make a will is minimal. *Nance v. Veazey*, Ky., 312 S.W.2d 350, 354 (1958). The minimum level of mental capacity required to make a will is less than that necessary to make a deed, *Creason v. Creason*, Ky.,

392 S.W.2d 69 (1965), or a contract. *Warnick v. Childers*, Ky., 282 S.W.2d 608 (1955).

Here, what Steve complains was excluded involved remote events that occurred several years before or at least two years after Keith executed his will. The information about autism or Asperger Syndrome had no evidentiary value because Keith was never diagnosed with either disorder; no expert testified he had either disorder; and we are aware of no broad rule providing that persons afflicted with either disorder are incapable of having testamentary capacity, much less incapable of having a fixed purpose of their own.

Moreover, as Steve describes it in his brief, Glen Newcomb's lay testimony about Keith's mental state was not based upon his own personal observations. It was therefore inadmissible. *See McDonald's Ex'r v. Transylvania Univ., Lexington*, 274 Ky. 168, 118 S.W.2d 171, 175 (1937) ("A layman may testify to a thing within his knowledge concerning apparent conditions of another, but he may not express his opinion, since he cannot diagnose disease or give expert evidence with reference thereto." (quotations and citation omitted)). In short, even if Steve had preserved an argument with respect to the circuit court's decision to exclude his evidence of mental incapacity, he has failed to demonstrate the circuit court's decision was unsupported by sound legal principles and thus represented an abuse of discretion.

Having reviewed the breadth of Steve's arguments, we find no error or other reason that would justify setting aside the jury verdict in favor of the appellees. We therefore AFFIRM.

ALL CONCUR.

**All Citations**

Not Reported in S.W. Rptr., 2017 WL 652145

**Footnotes**

1   During the hearing, Steve acknowledged Keith had a valid driver's license.

2   Steve asserts that during the December 8, 2011 hearing, the circuit court also told him Keith "made his will in 2006, but didn't pass away until 2011, so if he wanted to change his will he could have." The portion of the record Steve has cited in support of his assertion does not, however, demonstrate that the circuit court made any statement; he has cited a segment of the appellees' closing arguments on the last day of trial, April 21, 2014.

3   KRS 26A.015(2) provides:

WESTLAW   © 2023 Thomson Reuters. No claim to original U.S. Government Works.   6

Filed          23-CI-00755    06/27/2023          Brandi Duvall, Warren Circuit Clerk

Chandler v. Robinson, Not Reported in S.W. Rptr. (2017)

2017 WL 652145

Any justice or judge of the Court of Justice or master commissioner shall disqualify himself in any proceeding:

(a) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings, or has expressed an opinion concerning the merits of the proceeding;

(b) Where in private practice or government service he served as a lawyer or rendered a legal opinion in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter in controversy, or the judge, master commissioner or such lawyer has been a material witness concerning the matter in controversy;

(c) Where he knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a pecuniary or proprietary interest in the subject matter in controversy or in a party to the proceeding;

(d) Where he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

1. Is a party to the proceeding, or an officer, director, or trustee of a party;

2. Is acting as a lawyer in the proceeding and the disqualification is not waived by stipulation of counsel in the proceeding filed therein;

3. Is known by the judge or master commissioner to have an interest that could be substantially affected by the outcome of the proceeding;

4. Is to the knowledge of the judge or master commissioner likely to be a material witness in the proceeding.

4    To illustrate, Steve's complaint alleged in relevant part:

8. That the deceased Harold Keith Chandler suffered from diminished mental capacity his entire life.

9. That the deceased Keith Chandler was an adult dependent who resided with his parents his entire life and relied on his father Rudolph Chandler to make decisions for him until he passed away in December of 2004.

10. That the deceased Keith Chandler never took the initiative to do anything on his own without first being instructed to do so.

11. Keith would only take instructions from his father, but Keith continued to live with his mother until she passed in December of 2007.

12. Prior to his Mother's passing Mrs. Chandler asked family members, neighbors, and friends to watch out for Keith because in her words, "he was not dealing with a full stack."

...

42. Keith never exercised his own judgment, but was always following instructions that someone gave him.

5    Steve's "objections" also referenced Kentucky Rule of Evidence (KRE) 103 and its requirements for making a "proffer of evidence." KRE 103 is not applicable to allegations stricken from a complaint. Allegations are not evidence, nor are stricken allegations the equivalent of excluded evidence.

6    In relevant part, KRE 103 provides:

(a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected; and

...

Filed          23-CI-00755    06/27/2023          Brandi Duvall, Warren Circuit Clerk

Filed          23-CI-00755    06/27/2023          Brandi Duvall, Warren Circuit Clerk

**Chandler v. Robinson, Not Reported in S.W. Rptr. (2017)**

2017 WL 652145

> (2) Offer of proof. If the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

7    Steve attempted to append an "exhibit" to his brief consisting of 29 more pages of argument and citations. We granted a motion from the appellees to strike this exhibit.

---

**End of Document**                                     © 2023 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2023 Thomson Reuters. No claim to original U.S. Government Works.          8

COMMONWEALTH OF KENTUCKY
WARREN CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 23-CI-00755


MATTHEW B. IRVIN                                                             PLAINTIFF

V.          **ORDER GRANTING DEFENDANTS' MOTION TO STRIKE**

BOWLING GREEN POLICE DEPARTMENT, et al.                      DEFENDANTS


      This matter is before the Court on the motion of the Defendants to strike portions of the Plaintiff's Complaint.  Specifically, the Defendants move to strike references in the Complaint to the pre-suit administrative process that took place with the Unites States Equal Employment Opportunity Commission ("EEOC") and the conciliation conference that was conducted by the EEOC which included settlement negotiations between the parties to this lawsuit.  In addition, the Defendants move to strike the reference in the Complaint to an alleged incident involving the Plaintiff's brother, but not the Plaintiff himself.  All parties having had the opportunity to present arguments and the Court being sufficiently advised;

      IT IS HEREBY ORDERED AND ADJUDGED that the Defendant's motion to strike is well taken and GRANTED.  CR 12.06 permits a party to move to strike pleadings or portions of pleadings.  This rule states as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him, or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any sham, redundant, immaterial, impertinent or scandalous matter.

See also Chandler v. Robinson, No. 2014-CA-00963-MR, 2017 WL 652145, *1 (Ky. App. 2017) ("Kentucky Rule of Civil Procedure (CR) 12.06 authorized the circuit court to strike irrelevant allegations from his complaint.  See City of Ludlow v. Union Light, Heat & Power Co., 299 Ky.

Tendered        23-CI-00755    06/27/2023        Brandi Duvall, Warren Circuit Clerk

621, 186 S.W.2d 640, 641 (1945).  'Immaterial' and 'impertinent,' as used in the rule, are synonymous with 'irrelevant.'").

Here, the Plaintiff initiated an administrative complaint process with the EEOC premised on alleged violations of federal law.  The Plaintiff was ultimately issued a right to sue letter by the Department of Justice if he chose to sue under federal statute.  The Plaintiff elected not to sue under Title VII or any other federal statute.  He chose to proceed with a complaint in this Court premised on an alleged violation of state law, the Kentucky Civil Rights Act.  As such, any reference in the complaint to the EEOC administrative process which was premised on laws not being sued under in this matter are wholly irrelevant and potentially prejudicial.

Moreover, any reference to settlement offers or offer to compromise on a claim are inadmissible under Kentucky law.  See Kentucky Rule of Evidence 408; see also Green River Elec. Corp. v. Nantz, 894 S.W.2d 643, 645 (Ky. App. 1995) ("throughout judicial history the law has favored out-of-court settlements, and therefore, will not allow a compromise or an offer to be used adversely against the party making the offer.").

Finally, the reference to an alleged off-duty incident involving the Plaintiff's brother, but not the Plaintiff himself, is irrelevant to this case and should not be considered herein.

Based on the foregoing, the Court finds that the references in the Complaint to the EEOC administrative process; to the EEOC settlement conciliation conference; and the reference to the alleged incident involving the Plaintiff's brother were improper and orders that all such references ARE HEREBY STRICKEN FROM THE RECORD in this case.

This the ___ day of _____, 2023.

_____

JUDGE, WARREN CIRCUIT COURT, DIV. I

BD3D7577-0CC5-49A9-96DE-F2193556DA7 : 000016 of 000017

TD : 000002 of 000003

Tendered    23-CI-00755    06/27/2023    Brandi Duvall, Warren Circuit Clerk

DISTRIBUTION:

_____    Joseph D. Gaines
         Gorski Law Office, PSC
         161 St. Matthews Avenue, Suite 7
         Louisville, KY 40207

_____    A. Nicholas Naiser
         Naiser Law Office
         600 West Main Street, Suite 500
         Louisville, KY 40202

_____    Thomas N. Kerrick
         Matthew P. Cook
         Kerrick Bachert, PSC
         1025 State Street
         Bowling Green, KY 42101

BD3D7577-0CC5-49A9-96DE-F2193586DA7 : 000017 of 000017

TD : 000003 of 000003

Filed        23-CI-00755    07/06/2023        Brandi Duvall, Warren Circuit Clerk

COMMONWEALTH OF KENTUCKY
WARREN CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 23-CI-00755

***ELECTRONICALLY FILED***

MATTHEW B. IRVIN                                                                 PLAINTIFF

V.                          **AMENDED NOTICE OF HEARING ON
                              DEFENDANTS' MOTION TO STRIKE**

BOWLING GREEN POLICE DEPARTMENT, et al.                        DEFENDANTS

      Please take notice that the hearing on Defendants' Motion to Strike, which was set for July 17, 2023 at 9:00 a.m. CDT, has been rescheduled at the request of Plaintiff's counsel. Defendants' motion shall now come on for a hearing in the Warren Circuit Court, Division I, on **August 21, 2023 at 9:00 a.m. CDT** or as soon thereafter as counsel maybe heard.

      This 6th day of July, 2023.

<div style="margin-left: 40%;">

KERRICK BACHERT PSC
1025 State Street
Bowling Green, KY 42101
Telephone: (270) 782-8160
tkerrick@kerricklaw.com
mcook@kerricklaw.com

*/s/ Matthew P. Cook*
Thomas N. Kerrick
Matthew P. Cook
*Counsel for Defendants*

</div>

## CERTIFICATE OF SERVICE

This will certify that a true and exact copy of the foregoing was this 6th day of July, 2023, electronically filed and forwarded via the KCOJ efiling system to:

Joseph D. Gaines
Gorski Law Office, PSC
161 St. Matthews Avenue, Suite 7
Louisville, KY 40207
josephgaineslaw@gmail.com

A. Nicholas Naiser
Naiser Law Office
600 West Main Street, Suite 500
Louisville, KY 40202
nick@naiserlaw.com

/s/ Matthew P. Cook
Counsel for Defendants

2

D5DDD5E4-BEDC-44B7-B0B5-DDB1099C96BC : 000001 of 000014

## WARREN CIRCUIT COURT
## CIRCUIT DIVISION ONE (1)
## NO. 23-CI-00755

### *Electronically Filed*

**MATTHEW B. IRVIN**                                                    **PLAINTIFF**

**v.**                                    **NOTICE-MOTION-ORDER**

**BOWLING GREEN POLICE DEPARTMENT, et al.**                    **DEFENDANTS**
                                    **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Please take notice that the undersigned will, before the Warren Circuit Court, Div. I, on

Monday August 21, 2023, at 9:00 a.m., CDT, or as soon thereafter as counsel may be heard.

### PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT AND NO OBJECTION TO DEFENDANTS' MOTION TO STRIKE PARTS OF PLAINTIFF'S COMPLAINT

Comes now the Plaintiff, Michael Irvin, by counsel, and respectfully Motions for Leave to

File an Amended Complaint that is attached to this Motion.  Plaintiff's Amended Complaint adds

only one additional count against the current defendants; a cause of action under Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.   Plaintiff inadvertently left

this count out when filing Plaintiff's Complaint. The Defendants have already acknowledged

Plaintiff's right to bring forth this count in Defendant's Motion to Strike.   Accordingly, Plaintiff

seeks leave to amend his Complaint to include the new count against all Defendants.

Currently, there is no court order in place identifying a deadline to amend pleadings.  CR

15.01 states in pertinent part that amendments: "…shall be freely given when justice so requires".

The allegations in the Amended Complaint arise from the same occurrence at issue in the pending

action and will involve similar issues of law.  The claims set forth in the Amended Complaint were

known to the Defendants when they were served in this case on June 9, 2023, and therefore relate

back to the date of the original pleading under CR 15.03.

1

Accordingly, Plaintiff requests for Leave to File an Amended Complaint and have tendered an order that states that the Amended Complaint is hereby filed.

Lastly, Plaintiff agrees with Defendants that the following averments of Plaintiff should be stricken from Plaintiff's Complaint. "(2) alleged settlement negotiations which occurred prior to the filing of this lawsuit as part of the EEOC conciliation process; and (3) the references in the complaint to an incident allegedly involving the Plaintiff's brother, but not the Plaintiff himself". If Plaintiff's Leave is granted and Plaintiff's Amended Complaint is accepted these averments should be stricken from Plaintiff's Amended Complaint as well. Plaintiff asks that the "(1) the Plaintiff's EEOC complaints and the proceedings held pursuant to same" portion of Plaintiff's Complaint remain if This Honorable Court grants Plaintiff's Motion for Leave to File Plaintiff's Amended Complaint attached hereto.

Respectfully Submitted,

/s/ Joseph D. Gaines_____
Joseph D. Gaines
GORSKI LAW OFFICE, P.S.C.
161 St. Matthews Ave., Suite #7
Louisville, Kentucky 40207
P: (502) 569-6795
josephdgaineslaw@gmail.com

A. Nicholas Naiser
Naiser Law Office
600 West Main Street, Suite 500
Louisville, KY 40202
P: (502) 584-1210
nick@naiserlaw.com
*Counsel for Plaintiff*

## **<u>CERTIFICATE OF SERVICE</u>**

      The above signature certifies that a copy hereof was served on this 17th day of July 2023, via United States first class mail, postage prepaid or, where permitted by the Civil Rules, by electronic means upon:

Hon. Thomas N. Kerrick
Hon. Matthew P. Cook
KERRICK BACHERT PSC
1025 State Street
Bowling Green, KY 42101
tkerrick@kerricklaw.com
mcook@kerricklaw.com
*Counsel for Defendants*

<div align="right">

By: /s/ Joseph D. Gaines
    Joseph D. Gaines

</div>

D5DDD5E4-BEDC-44B7-B0B5-DDB1099C96BC : 000003 of 000014

**WARREN CIRCUIT COURT**
**CIRCUIT DIVISION ONE (1)**
**NO. 23-CI-00755**

***Electronically Filed***

**MATTHEW B. IRVIN**                                                            **PLAINTIFF**


**vs.**                                                **ORDER**

**BOWLING GREEN POLICE DEPARTMENT, et al.**                      **DEFENDANTS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***


Upon Plaintiff's Motion to file Amended Complaint, and the Court being sufficiently advised,

**IT IS HEREBY ORDERED** Plaintiff's Motion to File Amended Complaint is GRANTED and the Amended Complaint is hereby filed of record.

This the _____ day of _____, 2023.


_____
JUDGE, WARREN CIRCUIT COURT, DIV. I

D5DDD5E4-BEDC-44B7-B0B5-DDB1099C96BC : 000004 of 000014

D5DDD5E4-BEDC-44B7-B0B5-DDB1099C96BC : 000005 of 000014

**WARREN CIRCUIT COURT**
**CIRCUIT DIVISION ONE (1)**
**NO. 23-CI-00755**

**_Electronically Filed_**

**MATTHEW B. IRVIN**                                                           **PLAINTIFF**

**v.**                          **AMENDED COMPLAINT**

**BOWLING GREEN POLICE DEPARTMENT**

> **Serve:  Any Officer/Manager**
> **Bowling Green Police Department**
> **911 Kentucky Street**
> **Bowling Green, Kentucky 42101**

**-and-**

**CHIEF MICHAEL DELANEY, IN HIS OFFICIAL**
**CAPACITY AND INDIVIDUALLY**

> **Serve: Michael Delaney (Place of Employment)**
> **Bowling Green Police Department**
> **911 Kentucky Street**
> **Bowling Green, Kentucky 42101**

**-and-**

**CAPTAIN JOHNATHAN VICKOUS, IN HIS OFFICIAL**
**CAPACITY AND INDIVIDUALLY**

> **Serve: Johnathan Vickous (Place of Employment)**
> **Bowling Green Police Department**
> **911 Kentucky Street**
> **Bowling Green, Kentucky 42101**

**-and-**

**CAPTAIN GEOFF GLEITZ, IN HIS OFFICIAL**
**CAPACITY AND INDIVIDUALLY**

> **Serve: Geoff Gleitz (Place of Employment)**
> **Bowling Green Police Department**

**911 Kentucky Street**
**Bowling Green, Kentucky 42101**

**-and-**

**CAPTAIN MIKE ELLIOTT, IN HIS OFFICIAL**                    **DEFENDANTS**
**CAPACITY AND INDIVIDUALLY**

   Serve: **Mike Elliott (Place of Employment)**
   **Bowling Green Police Department**
   **911 Kentucky Street**
   **Bowling Green, Kentucky 42101**

**\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\***

Comes the Plaintiff, Matthew B. Irvin, by and through counsel, and for his amended cause of action against the Defendants, Bowling Green Police Department, Michael Delaney, Johnathan Vickous, Geoff Gleitz, and Mike Elliott, states as follows:

## JURISDICTION AND VENUE

1.     Plaintiff, Matthew B. Irvin is, and at all relevant times hereto has been, a citizen and resident of Bowling Green, Warren County, Kentucky, and was employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky.

2.     Defendant, Bowling Green Police Department is, and at all relevant times hereto has been, a local police law enforcement agency in the Commonwealth of Kentucky, with sufficient employees to be held liable under the Kentucky Civil Rights Act (KRS 344.010 et seq.) and operating its agency at 911 Kentucky Street, Bowling Green, Warren County, Kentucky 42101.

3.     Upon information and belief, Defendant, Michael Delaney is, and at all relevant times hereto has been, a citizen and resident of the Commonwealth of Kentucky, and was

D5DDD5E4-BEDC-44B7-B0B5-DDB1099C96BC : 000006 of 000014

employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky.  Defendant, Michael Delaney, is being sued in his official capacity and individually.

4.    Upon information and belief, Defendant, Johnathan Vickous is, and at all relevant times hereto has been, a citizen and resident of the Commonwealth of Kentucky, and was employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky.  Defendant, Johnathan Vickous, is being sued in his official capacity and individually.

5.    Upon information and belief, Defendant, Geoff Gleitz is, and at all relevant times hereto has been, a citizen and resident of the Commonwealth of Kentucky, and was employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky.  Defendant, Geoff Gleitz, is being sued in his official capacity and individually.

6.    Upon information and belief, Defendant, Mike Elliott is, and at all relevant times hereto has been, a citizen and resident of the Commonwealth of Kentucky, and was employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky.  Defendant, Mike Elliott, is being sued in his official capacity and individually.

7.    The acts and/or omissions complained of herein occurred in Bowling Green, Warren County, Kentucky.

8.    This action arises under Kentucky's Civil Rights Act, KRS 344.010, *et seq.*, jurisdiction is conferred over Defendant pursuant to KRS 344.010, *et seq.*, and jurisdiction exists in this Court by virtue of the fact that the Plaintiff's damages exceed the minimum jurisdictional threshold of this Court.

D5DDD5E4-BEDC-44B7-B0B5-DDB1099C96BC : 000007 of 000014

## FACTS

9.      Plaintiff was employed by Defendant, Bowling Green Police Department, from July of 2015 to present.

10.      Throughout Plaintiff's employment, he was supervised by Defendant, Michael Delaney.

11.      Plaintiff is African American, and Defendant, Michael Delaney, is African American.

12.      Plaintiff reported to Chief Michael Delaney in or around October, 2020, that overtly discriminatory conduct by white co-workers was extremely unprofessional.   Chief Michael Delaney never gave Plaintiff the time of day to explain what was going on with the discriminatory acts being done at work.

13.      In or around August 28, 2020, Co-workers of the Plaintiff would share mugshots of African American inmates, making comments about how they are so black and that "they are sweating grease", making fun of African American names, etc.

14.      Around late 2019, when Plaintiff was promoted to detective, a member of the Board stated that, "they didn't know if he would be a good fit because of his personality and they haven't had a black detective in 20 years".

15.      In or around late May 2020, a co-worker posed as a KKK member in the workplace/department.

16.      In or around late November 2020, Plaintiff's brother and other officers were sent messages about "selling slaves at Walmart".   Plaintiff filed his first EEOC complaint and gave the Chief a heads up about it.   Matthew states that retaliation escalated once the EEOC investigation began.

17.    In or around late January 2021, an officer posted rap lyrics with explicit and racial slurs on the board outside the office as a joke.

18.    In or around late January 2021 to June 2021, Plaintiff reported the retaliatory behavior to Human Resources (HR).  Plaintiff then started to receive poor evaluations.  In or around June 2021, Plaintiff had a meeting with HR about how Plaintiff received an unjust evaluation.  As a result Plaintiff was put on a performance improvement plan.  Plaintiff then submitted his resignation letter, and the Bowling Green Police Department would not accept it.

19.    In or around late November 2022, Plaintiff discovered he was going to be transferred from Criminal Investigations to Patrol without a decrease in pay.  Plaintiff filed a second EEOC complaint.  The EEOC issued a letter of determination finding reasonable cause that Plaintiff was subject to harassment because of his race.  This letter also found there was evidence that Plaintiff was disciplined and retaliated against for opposing this discrimination.  The Department of Justice had to get involved in reviewing these allegations against the Bowling Green Police Department.

20.    On or around December 6, 2022, Plaintiff was placed on modified duty for a back injury.  He was provided with work restrictions that were meant to limit him to clerical duties only. Plaintiff did not receive the same treatment as fellow Caucasian officers around this time.

21.    In or around late January 2023, following the second charge from the EEOC, at the mediation, the Bowling Green Police Department agreed to correct Plaintiff's evaluations, but would not return him to detective position.  The Department first offered $5,000.00, which changed to $10,000.00 but Plaintiff did not settle.

22.    On or around February 3, 2023, Plaintiff asked Captain Mike Elliott if he could go to the range to fire his sniper rifle.  Mike Elliott responds with, "that since Plaintiff was on modified

duty, Plaintiff could not". Plaintiff states that others have done it before and under the direction of some or all of the defendants.

23.     On or around February 27, 2023, Plaintiff was disciplined for taking his lunch at the end of his shift. Other coworkers have done this before and never got disciplined for taking their lunch at the end of their shift. He told Captain Johnathan Vickous about this, and he replied with, "he was concerned about me, not them". Plaintiff then lost access to the Department time clock application. Plaintiff was told he didn't need it anyways for modified duty.

24.     On or around March 14, 2023, another African American officer was placed on modified duty. While this happened, they were not allowed to utilize the department gym for any type of physical fitness or rehabilitation exercises from the authority of Major Josh Hughes. However, Officer Messina, a Caucasian, was allowed to utilize the department gym while he was on modified duty.

25.     On or around May 9, 2023, Plaintiff was released by his doctor to return to full duty without any restrictions. On or around May 11, 2023, Captain Geoff Gleitz would not allow Plaintiff to return to full duty (which included flying drones) unless Plaintiff presented for return to duty training. Plaintiff states that Captain Geoff Gleitz was on modified duty before and during this time Captain Gleitz was allowed to fly a drone on a SWAT operation while he had a cast on his arm. Captain Gleitz did this operation on or around June 29, 2022.

26.     On or around May 11, 2023, Captain Mike Elliott informed Plaintiff that Plaintiff needed to pass the Critical Response Team (CRT) qualification before being deployed again after returning from modified duty. Plaintiff states that Officer Messina was placed on modified duty, returned to duty, and deployed on or around April 14, 2023, with the CRT without taking the CRT qualification. The qualification is only offered twice a year, in the Spring and Fall.

27.    On or around May 12, 2023, Plaintiff received an email from Colonel Brian Harrell informing him that his evaluations will now be done by previous supervisors who are currently under criminal investigations and Plaintiff has not worked under their supervision since on or around November 30, 2022.

28.    Throughout Plaintiff's employment, Defendants issued Plaintiff more frequent discipline for trivial matters and engaged in unwarranted criticism of Plaintiff's work more so than those of comparably situated white employees, and Defendants took every opportunity to make Plaintiff's life as an employee unpleasant.

## COUNT I
## Retaliation in Violation of KRS 344.280

29.    Plaintiff hereby incorporates herein by reference paragraphs one through twenty-eight of this Complaint.

30.    That Plaintiff engaged in the protected activity of complaining of race discrimination.  That Defendants' Bowling Green Police Department and Chief Michael Delaney, Captain Johnathan Vickous, and Captain Geoff Gleitz had knowledge of Plaintiff's complaints of race discrimination and took adverse employment actions against Plaintiff.   That Plaintiffs' complaints of race discrimination were a substantial motivating factor in the adverse employment actions taken against Plaintiff, including the demotion of his employment in or around November 2022.

31.    That the foregoing retaliatory conduct of Defendants' Bowling Green Police Department and Chief Michael Delaney, Captain Johnathan Vickous, and Captain Geoff Gleitz violated KRS 344.280, which specifically forbids retaliation against employees, like Plaintiff, who complain about race discrimination.

D5DDD5E4-BEDC-44B7-B0B5-DDB1099C96BC : 000011 of 000014

32.     That as a direct and proximate result of all Defendants' wrongful and illegal retaliation, Plaintiff is entitled to lost wages, reinstatement and/or front pay in lieu of same, compensatory damages, embarrassment, humiliation and mental anguish, his actual damages, and his costs of the lawsuit, including a reasonable attorney's fee under KRS 344.450.

<div align="center">

**COUNT II**
**Race Discrimination in Violation of KRS 344.040**

</div>

33.     Plaintiff hereby incorporates herein by reference paragraphs one through thirty-three of this Complaint.

34.     That Plaintiff's race was a substantial motivating factor in Defendant Bowling Green Police Department's adverse employment actions, and its ultimate decision to demote him. Defendant Bowling Green Police Department has unlawfully discriminated against Plaintiff because of race, in direct violation of KRS 344.040.

35.     That as a direct and proximate result of Defendant's wrongful and illegal discrimination, Plaintiff is entitled to lost wages, reinstatement and/or front pay in lieu of same, compensatory damages, embarrassment, humiliation and mental anguish, his actual damages, and his costs of the lawsuit, including a reasonable attorney's fee under KRS 344.450.

<div align="center">

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.**

</div>

36.     Plaintiff hereby incorporates herein by reference paragraphs one through thirty-six of this Complaint.

37.     That Plaintiff's race was a substantial motivating factor in Defendant Bowling Green Police Department's adverse employment actions, and its ultimate decision to demote him. Defendant Bowling Green Police Department has unlawfully discriminated against Plaintiff

D5DDD5E4-BEDC-44B7-B0B5-DDB1099C96BC : 000013 of 000014

because of race, in direct violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.

38.     That as a direct and proximate result of Defendant's wrongful and illegal discrimination, Plaintiff is entitled to lost wages, reinstatement and/or front pay in lieu of same, compensatory and punitive damages, embarrassment, humiliation and mental anguish, his actual damages, and his costs of the lawsuit, including a reasonable attorney's fee under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.

**WHEREFORE**, the Plaintiff demands judgment on his Complaint against the Defendants in an amount sufficient to invoke the jurisdiction of this Court and, in addition, demands the following:

1.     Judgment on his Complaint against the Defendants, jointly and severally;

2.     A trial by jury on all issues so triable;

3.     Compensatory damages;

4.     For his costs herein expended including a reasonable attorney's fees; and

5.     Any and all other relief to which he may otherwise be properly entitled.

Respectfully submitted,

/s/ Joseph D. Gaines
Joseph D. Gaines
GORSKI LAW OFFICE, P.S.C.
161 St. Matthews Avenue, Suite 7
Louisville, Kentucky 40207
(502) 569-6795
(502) 690-8438 - Facsimile
josephdgaineslaw@gmail.com
*Counsel for Plaintiff*

A. Nicholas Naiser
NAISER LAW OFFICE
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
Nick@naiserlaw.com
*Co-Counsel for Plaintiff*

By: /s/Joseph D. Gaines
      Joseph D. Gaines

## CERTIFICATE OF SERVICE

This will certify that a true copy of the foregoing has been filed electronically for service by Certified U.S. Mail and mailed through the USPS, postage prepaid, to the agents for service of process listed above and to Defendants' counsel, on this the 17th day of July, 2023:

Hon. Thomas N. Kerrick
Hon. Matthew P. Cook
KERRICK BACHERT PSC
1025 State Street
Bowling Green, KY 42101
tkerrick@kerricklaw.com
mcook@kerricklaw.com
*Counsel for Defendants*

By: /s/ Joseph D. Gaines
      Joseph D. Gaines

10

COMMONWEALTH OF KENTUCKY
WARREN CIRCUIT COURT
DIVISION 1



CIVIL ACTION NO. 23-CI-00755

MATTHEW IRVIN                                    .          PLAINTIFF

VS

BOWLING GREEN POLICE DEPARTMENT, ET. AL.          DEFENDANT

## ORDER OF RECUSAL AND TRANSFER
## TO WARREN CIRCUIT COURT DIVISION FIVE (5)

The Court having reviewed the above-named file states that Warren Circuit Court Division One (1) will need to be recused.

The Court recognizes that the Judge of Warren Circuit Court Division One (1), Honorable Christopher Cohron has a personal relationship with multiple individuals involved in the case.

Warren Circuit Court Division Five (5) agrees to accept the above-named case.

**IT IS HEREBY ORDERED** that the Warren Circuit Court Division One (1) is **RECUSED**.

**IT IS FURTHER ORDERED** that the case shall be **TRANSFERRED** to Warren Circuit Court Division Five (5) by alternating draw and agreement.

This the 20th day of July 2023.

_____
CHRISTOPHER COHRON, JUDGE
WARREN CIRCUIT COURT, DIVISION 1

_____  July 21, 2023
J.B. HINES, JUDGE
WARREN CIRCUIT COURT, DIVISION 5

Clerk: Send Copies to:
___ Joseph Gaines, Esq. ___ A. Nicholas Naiser, Esq. ___ Thomas Kerrick, Esq.

7/24/23
KM

COMMONWEALTH OF KENTUCKY
WARREN CIRCUIT COURT
DIVISION 5
CIVIL ACTION NO. 23-CI-00755

***ELECTRONICALLY FILED***

MATTHEW B. IRVIN                                                              PLAINTIFF

V.                    **SECOND AMENDED NOTICE OF HEARING ON**
                      **DEFENDANTS' MOTION TO STRIKE**

BOWLING GREEN POLICE DEPARTMENT, et al.                          DEFENDANTS

     Please take notice that the hearing on Defendants' Motion to Strike, which was set for August 21, 2023 at 9:00 a.m. in Warren Circuit Court, Division I, is being rescheduled, as this matter has recently been transferred to Warren Circuit Court, Division 5.  Defendants' Motion shall now come on for a hearing in the Warren Circuit Court, **Division 5**, on **September 11, 2023 at 9:00 a.m. CDT** or as soon thereafter as counsel may be heard.

     This 2nd day of August, 2023.

KERRICK BACHERT PSC
1025 State Street
Bowling Green, KY 42101
Telephone: (270) 782-8160
tkerrick@kerricklaw.com
mcook@kerricklaw.com

*/s/ Matthew P. Cook*
Thomas N. Kerrick
Matthew P. Cook
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

This will certify that a true and exact copy of the foregoing was this 2nd day of August, 2023, electronically filed and forwarded via the KCOJ efiling system to:

Joseph D. Gaines
Gorski Law Office, PSC
161 St. Matthews Avenue, Suite 7
Louisville, KY 40207
josephgaineslaw@gmail.com

A. Nicholas Naiser
Naiser Law Office
600 West Main Street, Suite 500
Louisville, KY 40202
nick@naiserlaw.com

*/s/ Matthew P. Cook*
Counsel for Defendants

570BA258-0298-4D0E-813D-14B7360E6097 : 000002 of 000002

RNH : 000002 of 000002

Filed          23-CI-00755      08/14/2023      Brandi Duvall, Warren Circuit Clerk

**WARREN CIRCUIT COURT**
**CIRCUIT DIVISION FIVE (5)**
**NO. 23-CI-00755**

**_Electronically Filed_**

**MATTHEW B. IRVIN**                                                   **PLAINTIFF**

**v.**                          **RE-NOTICE-MOTION-ORDER**

**BOWLING GREEN POLICE DEPARTMENT, et al.**              **DEFENDANTS**

****************

Please take notice that the undersigned will, before the Warren Circuit Court, Div. I, on

Monday September 11, 2023, at 9:00 a.m., CDT, or as soon thereafter as counsel may be heard.

**PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT AND NO OBJECTION TO DEFENDANTS' MOTION TO STRIKE PARTS OF PLAINTIFF'S COMPLAINT**

Comes now the Plaintiff, Michael Irvin, by counsel, and respectfully Motions for Leave to

File an Amended Complaint that is attached to this Motion. Plaintiff's Amended Complaint adds

only one additional count against the current defendants; a cause of action under Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.  Plaintiff inadvertently left

this count out when filing Plaintiff's Complaint. The Defendants have already acknowledged

Plaintiff's right to bring forth this count in Defendant's Motion to Strike.  Accordingly, Plaintiff

seeks leave to amend his Complaint to include the new count against all Defendants.

Currently, there is no court order in place identifying a deadline to amend pleadings.  CR

15.01 states in pertinent part that amendments: "…shall be freely given when justice so requires".

The allegations in the Amended Complaint arise from the same occurrence at issue in the pending

action and will involve similar issues of law.  The claims set forth in the Amended Complaint were

known to the Defendants when they were served in this case on June 9, 2023, and therefore relate

back to the date of the original pleading under CR 15.03.

1

1F838E69-6BDE-4D79-9688-0382C6158487 : 000001 of 000014

FAC : 000001 of 000003

Accordingly, Plaintiff requests for Leave to File an Amended Complaint and have tendered an order that states that the Amended Complaint is hereby filed.

Lastly, Plaintiff agrees with Defendants that the following averments of Plaintiff should be stricken from Plaintiff's Complaint. "(2) alleged settlement negotiations which occurred prior to the filing of this lawsuit as part of the EEOC conciliation process; and (3) the references in the complaint to an incident allegedly involving the Plaintiff's brother, but not the Plaintiff himself". If Plaintiff's Leave is granted and Plaintiff's Amended Complaint is accepted these averments should be stricken from Plaintiff's Amended Complaint as well.  Plaintiff asks that the "(1) the Plaintiff's EEOC complaints and the proceedings held pursuant to same" portion of Plaintiff's Complaint remain if This Honorable Court grants Plaintiff's Motion for Leave to File Plaintiff's Amended Complaint attached hereto.

Respectfully Submitted,

/s/ Joseph D. Gaines_____
Joseph D. Gaines
GORSKI LAW OFFICE, P.S.C.
161 St. Matthews Ave., Suite #7
Louisville, Kentucky 40207
P: (502) 569-6795
josephdgaineslaw@gmail.com

A. Nicholas Naiser
Naiser Law Office
600 West Main Street, Suite 500
Louisville, KY 40202
P: (502) 584-1210
nick@naiserlaw.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

     The above signature certifies that a copy hereof was served on this 14th day of August 2023, via United States first class mail, postage prepaid or, where permitted by the Civil Rules, by electronic means upon:

Hon. Thomas N. Kerrick
Hon. Matthew P. Cook
KERRICK BACHERT PSC
1025 State Street
Bowling Green, KY 42101
tkerrick@kerricklaw.com
mcook@kerricklaw.com
*Counsel for Defendants*

<div align="right">

By: /s/ Joseph D. Gaines

Joseph D. Gaines

</div>

1F838E69-6BDE-4D79-9688-0382C6158487 : 000003 of 000014

FAC : 000003 of 000003

**WARREN CIRCUIT COURT**
**CIRCUIT DIVISION FIVE (5)**
**NO. 23-CI-00755**

*<u>Electronically Filed</u>*

**MATTHEW B. IRVIN**                                                      **PLAINTIFF**

**v.**                                   <u>**AMENDED COMPLAINT**</u>

**BOWLING GREEN POLICE DEPARTMENT**

> <u>**Serve**</u>**:  Any Officer/Manager**
> **Bowling Green Police Department**
> **911 Kentucky Street**
> **Bowling Green, Kentucky 42101**

**-and-**

**CHIEF MICHAEL DELANEY, IN HIS OFFICIAL**
**CAPACITY AND INDIVIDUALLY**

> <u>**Serve**</u>**: Michael Delaney (Place of Employment)**
> **Bowling Green Police Department**
> **911 Kentucky Street**
> **Bowling Green, Kentucky 42101**

**-and-**

**CAPTAIN JOHNATHAN VICKOUS, IN HIS OFFICIAL**
**CAPACITY AND INDIVIDUALLY**

> <u>**Serve**</u>**: Johnathan Vickous (Place of Employment)**
> **Bowling Green Police Department**
> **911 Kentucky Street**
> **Bowling Green, Kentucky 42101**

**-and-**

**CAPTAIN GEOFF GLEITZ, IN HIS OFFICIAL**
**CAPACITY AND INDIVIDUALLY**

> <u>**Serve**</u>**: Geoff Gleitz (Place of Employment)**
> **Bowling Green Police Department**

1F838E69-6BDE-4D79-9688-0382C6158487 : 000004 of 000014

TD : 000001 of 000010

**911 Kentucky Street**
**Bowling Green, Kentucky 42101**

**-and-**

**CAPTAIN MIKE ELLIOTT, IN HIS OFFICIAL                    DEFENDANTS**
**CAPACITY AND INDIVIDUALLY**

        <u>**Serve:**</u> **Mike Elliott (Place of Employment)**
        **Bowling Green Police Department**
        **911 Kentucky Street**
        **Bowling Green, Kentucky 42101**

<div align="center">*** *** *** *** ***</div>

Comes the Plaintiff, Matthew B. Irvin, by and through counsel, and for his amended cause of action against the Defendants, Bowling Green Police Department, Michael Delaney, Johnathan Vickous, Geoff Gleitz, and Mike Elliott, states as follows:

<div align="center"><u>**JURISDICTION AND VENUE**</u></div>

1.     Plaintiff, Matthew B. Irvin is, and at all relevant times hereto has been, a citizen and resident of Bowling Green, Warren County, Kentucky, and was employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky.

2.     Defendant, Bowling Green Police Department is, and at all relevant times hereto has been, a local police law enforcement agency in the Commonwealth of Kentucky, with sufficient employees to be held liable under the Kentucky Civil Rights Act (KRS 344.010 et seq.) and operating its agency at 911 Kentucky Street, Bowling Green, Warren County, Kentucky 42101.

3.     Upon information and belief, Defendant, Michael Delaney is, and at all relevant times hereto has been, a citizen and resident of the Commonwealth of Kentucky, and was

employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky. Defendant, Michael Delaney, is being sued in his official capacity and individually.

4.      Upon information and belief, Defendant, Johnathan Vickous is, and at all relevant times hereto has been, a citizen and resident of the Commonwealth of Kentucky, and was employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky. Defendant, Johnathan Vickous, is being sued in his official capacity and individually.

5.      Upon information and belief, Defendant, Geoff Gleitz is, and at all relevant times hereto has been, a citizen and resident of the Commonwealth of Kentucky, and was employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky. Defendant, Geoff Gleitz, is being sued in his official capacity and individually.

6.      Upon information and belief, Defendant, Mike Elliott is, and at all relevant times hereto has been, a citizen and resident of the Commonwealth of Kentucky, and was employed at relevant times herein by Defendant Bowling Green Police Department in Bowling Green, Warren County, Kentucky. Defendant, Mike Elliott, is being sued in his official capacity and individually.

7.      The acts and/or omissions complained of herein occurred in Bowling Green, Warren County, Kentucky.

8.      This action arises under Kentucky's Civil Rights Act, KRS 344.010, *et seq.*, jurisdiction is conferred over Defendant pursuant to KRS 344.010, *et seq.*, and jurisdiction exists in this Court by virtue of the fact that the Plaintiff's damages exceed the minimum jurisdictional threshold of this Court.

### FACTS

9.      Plaintiff was employed by Defendant, Bowling Green Police Department, from July of 2015 to present.

10.     Throughout Plaintiff's employment, he was supervised by Defendant, Michael Delaney.

11.     Plaintiff is African American, and Defendant, Michael Delaney, is African American.

12.     Plaintiff reported to Chief Michael Delaney in or around October, 2020, that overtly discriminatory conduct by white co-workers was extremely unprofessional.  Chief Michael Delaney never gave Plaintiff the time of day to explain what was going on with the discriminatory acts being done at work.

13.     In or around August 28, 2020, Co-workers of the Plaintiff would share mugshots of African American inmates, making comments about how they are so black and that "they are sweating grease", making fun of African American names, etc.

14.     Around late 2019, when Plaintiff was promoted to detective, a member of the Board stated that, "they didn't know if he would be a good fit because of his personality and they haven't had a black detective in 20 years".

15.     In or around late May 2020, a co-worker posed as a KKK member in the workplace/department.

16.     In or around late November 2020, Plaintiff's brother and other officers were sent messages about "selling slaves at Walmart".   Plaintiff filed his first EEOC complaint and gave the Chief a heads up about it.  Matthew states that retaliation escalated once the EEOC investigation began.

17.    In or around late January 2021, an officer posted rap lyrics with explicit and racial slurs on the board outside the office as a joke.

18.    In or around late January 2021 to June 2021, Plaintiff reported the retaliatory behavior to Human Resources (HR).  Plaintiff then started to receive poor evaluations.  In or around June 2021, Plaintiff had a meeting with HR about how Plaintiff received an unjust evaluation.  As a result Plaintiff was put on a performance improvement plan.  Plaintiff then submitted his resignation letter, and the Bowling Green Police Department would not accept it.

19.    In or around late November 2022, Plaintiff discovered he was going to be transferred from Criminal Investigations to Patrol without a decrease in pay.  Plaintiff filed a second EEOC complaint.  The EEOC issued a letter of determination finding reasonable cause that Plaintiff was subject to harassment because of his race.  This letter also found there was evidence that Plaintiff was disciplined and retaliated against for opposing this discrimination.  The Department of Justice had to get involved in reviewing these allegations against the Bowling Green Police Department.

20.    On or around December 6, 2022, Plaintiff was placed on modified duty for a back injury.  He was provided with work restrictions that were meant to limit him to clerical duties only.  Plaintiff did not receive the same treatment as fellow Caucasian officers around this time.

21.    In or around late January 2023, following the second charge from the EEOC, at the mediation, the Bowling Green Police Department agreed to correct Plaintiff's evaluations, but would not return him to detective position.  The Department first offered $5,000.00, which changed to $10,000.00 but Plaintiff did not settle.

22.    On or around February 3, 2023, Plaintiff asked Captain Mike Elliott if he could go to the range to fire his sniper rifle.  Mike Elliott responds with, "that since Plaintiff was on modified

duty, Plaintiff could not". Plaintiff states that others have done it before and under the direction of some or all of the defendants.

23.     On or around February 27, 2023, Plaintiff was disciplined for taking his lunch at the end of his shift. Other coworkers have done this before and never got disciplined for taking their lunch at the end of their shift. He told Captain Johnathan Vickous about this, and he replied with, "he was concerned about me, not them". Plaintiff then lost access to the Department time clock application. Plaintiff was told he didn't need it anyways for modified duty.

24.     On or around March 14, 2023, another African American officer was placed on modified duty. While this happened, they were not allowed to utilize the department gym for any type of physical fitness or rehabilitation exercises from the authority of Major Josh Hughes. However, Officer Messina, a Caucasian, was allowed to utilize the department gym while he was on modified duty.

25.     On or around May 9, 2023, Plaintiff was released by his doctor to return to full duty without any restrictions. On or around May 11, 2023, Captain Geoff Gleitz would not allow Plaintiff to return to full duty (which included flying drones) unless Plaintiff presented for return to duty training. Plaintiff states that Captain Geoff Gleitz was on modified duty before and during this time Captain Gleitz was allowed to fly a drone on a SWAT operation while he had a cast on his arm. Captain Gleitz did this operation on or around June 29, 2022.

26.     On or around May 11, 2023, Captain Mike Elliott informed Plaintiff that Plaintiff needed to pass the Critical Response Team (CRT) qualification before being deployed again after returning from modified duty. Plaintiff states that Officer Messina was placed on modified duty, returned to duty, and deployed on or around April 14, 2023, with the CRT without taking the CRT qualification. The qualification is only offered twice a year, in the Spring and Fall.

27.    On or around May 12, 2023, Plaintiff received an email from Colonel Brian Harrell informing him that his evaluations will now be done by previous supervisors who are currently under criminal investigations and Plaintiff has not worked under their supervision since on or around November 30, 2022.

28.    Throughout Plaintiff's employment, Defendants issued Plaintiff more frequent discipline for trivial matters and engaged in unwarranted criticism of Plaintiff's work more so than those of comparably situated white employees, and Defendants took every opportunity to make Plaintiff's life as an employee unpleasant.

## COUNT I
### Retaliation in Violation of KRS 344.280

29.    Plaintiff hereby incorporates herein by reference paragraphs one through twenty-eight of this Complaint.

30.    That Plaintiff engaged in the protected activity of complaining of race discrimination. That Defendants' Bowling Green Police Department and Chief Michael Delaney, Captain Johnathan Vickous, and Captain Geoff Gleitz had knowledge of Plaintiff's complaints of race discrimination and took adverse employment actions against Plaintiff. That Plaintiffs' complaints of race discrimination were a substantial motivating factor in the adverse employment actions taken against Plaintiff, including the demotion of his employment in or around November 2022.

31.    That the foregoing retaliatory conduct of Defendants' Bowling Green Police Department and Chief Michael Delaney, Captain Johnathan Vickous, and Captain Geoff Gleitz violated KRS 344.280, which specifically forbids retaliation against employees, like Plaintiff, who complain about race discrimination.

32.     That as a direct and proximate result of all Defendants' wrongful and illegal retaliation, Plaintiff is entitled to lost wages, reinstatement and/or front pay in lieu of same, compensatory damages, embarrassment, humiliation and mental anguish, his actual damages, and his costs of the lawsuit, including a reasonable attorney's fee under KRS 344.450.

<div align="center">

**COUNT II**
**Race Discrimination in Violation of KRS 344.040**

</div>

33.     Plaintiff hereby incorporates herein by reference paragraphs one through thirty-three of this Complaint.

34.     That Plaintiff's race was a substantial motivating factor in Defendant Bowling Green Police Department's adverse employment actions, and its ultimate decision to demote him. Defendant Bowling Green Police Department has unlawfully discriminated against Plaintiff because of race, in direct violation of KRS 344.040.

35.     That as a direct and proximate result of Defendant's wrongful and illegal discrimination, Plaintiff is entitled to lost wages, reinstatement and/or front pay in lieu of same, compensatory damages, embarrassment, humiliation and mental anguish, his actual damages, and his costs of the lawsuit, including a reasonable attorney's fee under KRS 344.450.

<div align="center">

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.**

</div>

36.     Plaintiff hereby incorporates herein by reference paragraphs one through thirty-six of this Complaint.

37.     That Plaintiff's race was a substantial motivating factor in Defendant Bowling Green Police Department's adverse employment actions, and its ultimate decision to demote him. Defendant Bowling Green Police Department has unlawfully discriminated against Plaintiff

Tendered        23-CI-00755    08/14/2023    Brandi Duvall, Warren Circuit Clerk

because of race, in direct violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.

38.    That as a direct and proximate result of Defendant's wrongful and illegal discrimination, Plaintiff is entitled to lost wages, reinstatement and/or front pay in lieu of same, compensatory and punitive damages, embarrassment, humiliation and mental anguish, his actual damages, and his costs of the lawsuit, including a reasonable attorney's fee under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.

**WHEREFORE**, the Plaintiff demands judgment on his Complaint against the Defendants in an amount sufficient to invoke the jurisdiction of this Court and, in addition, demands the following:

1.    Judgment on his Complaint against the Defendants, jointly and severally;

2.    A trial by jury on all issues so triable;

3.    Compensatory damages;

4.    For his costs herein expended including a reasonable attorney's fees; and

5.    Any and all other relief to which he may otherwise be properly entitled.

Tendered        23-CI-00755    08/14/2023        Brandi Duvall, Warren Circuit Clerk

1F838E69-6BDE-4D79-9668-0382C6158487 : 000012 of 000014

TD : 000009 of 000010

Respectfully submitted,

/s/ Joseph D. Gaines
Joseph D. Gaines
GORSKI LAW OFFICE, P.S.C.
161 St. Matthews Avenue, Suite 7
Louisville, Kentucky 40207
(502) 569-6795
(502) 690-8438 - Facsimile
josephdgaineslaw@gmail.com
*Counsel for Plaintiff*

A. Nicholas Naiser
NAISER LAW OFFICE
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
Nick@naiserlaw.com
*Co-Counsel for Plaintiff*

By: /s/Joseph D. Gaines
Joseph D. Gaines

## CERTIFICATE OF SERVICE

This will certify that a true copy of the foregoing has been filed electronically for service by Certified U.S. Mail and mailed through the USPS, postage prepaid, to the agents for service of process listed above and to Defendants' counsel, on this the 17th day of July, 2023:

Hon. Thomas N. Kerrick
Hon. Matthew P. Cook
KERRICK BACHERT PSC
1025 State Street
Bowling Green, KY 42101
tkerrick@kerricklaw.com
mcook@kerricklaw.com
*Counsel for Defendants*

By: /s/ Joseph D. Gaines
Joseph D. Gaines

**WARREN CIRCUIT COURT**
**CIRCUIT DIVISION FIVE 5)**
**NO. 23-CI-00755**

**_Electronically Filed_**

**MATTHEW B. IRVIN**                                                    **PLAINTIFF**


**vs.**                                       **ORDER**

**BOWLING GREEN POLICE DEPARTMENT, et al.**                  **DEFENDANTS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***


Upon Plaintiff's Motion to file Amended Complaint, and the Court being sufficiently advised,

**IT IS HEREBY ORDERED** Plaintiff's Motion to File Amended Complaint is GRANTED and the Amended Complaint is hereby filed of record.

This the ____ day of _____, 2023.


_____
JUDGE, WARREN CIRCUIT COURT, DIV. 5

1F838E69-6BDE-4D79-9688-0382C6158487 : 000014 of 000014

TD : 000001 of 000001

COMMONWEALTH OF KENTUCKY
WARREN CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 23-CI-00755

MATTHEW B. IRVIN                                                    PLAINTIFF

V.          **ORDER GRANTING DEFENDANTS' MOTION TO STRIKE**

BOWLING GREEN POLICE DEPARTMENT, et al.                            DEFENDANTS


This matter is before the Court on the motion of the Defendants to strike portions of the Plaintiff's Complaint. Specifically, the Defendants move to strike references in the Complaint to the pre-suit administrative process that took place with the Unites States Equal Employment Opportunity Commission ("EEOC") and the conciliation conference that was conducted by the EEOC which included settlement negotiations between the parties to this lawsuit. In addition, the Defendants move to strike the reference in the Complaint to an alleged incident involving the Plaintiff's brother, but not the Plaintiff himself. All parties having had the opportunity to present arguments and the Court being sufficiently advised;

IT IS HEREBY ORDERED AND ADJUDGED that the Defendant's motion to strike is well taken and GRANTED. CR 12.06 permits a party to move to strike pleadings or portions of pleadings. This rule states as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him, or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any sham, redundant, immaterial, impertinent or scandalous matter.

See also Chandler v. Robinson, No. 2014-CA-00963-MR, 2017 WL 652145, *1 (Ky. App. 2017) ("Kentucky Rule of Civil Procedure (CR) 12.06 authorized the circuit court to strike irrelevant allegations from his complaint. See City of Ludlow v. Union Light, Heat & Power Co., 299 Ky.

621, 186 S.W.2d 640, 641 (1945). 'Immaterial' and 'impertinent,' as used in the rule, are synonymous with 'irrelevant.'").

Here, the Plaintiff initiated an administrative complaint process with the EEOC premised on alleged violations of federal law. The Plaintiff was ultimately issued a right to sue letter by the Department of Justice if he chose to sue under federal statute. The Plaintiff elected not to sue under Title VII or any other federal statute. He chose to proceed with a complaint in this Court premised on an alleged violation of state law, the Kentucky Civil Rights Act. As such, any reference in the complaint to the EEOC administrative process which was premised on laws not being sued under in this matter are wholly irrelevant and potentially prejudicial.

Moreover, any reference to settlement offers or offer to compromise on a claim are inadmissible under Kentucky law. See Kentucky Rule of Evidence 408; see also Green River Elec. Corp. v. Nantz, 894 S.W.2d 643, 645 (Ky. App. 1995) ("throughout judicial history the law has favored out-of-court settlements, and therefore, will not allow a compromise or an offer to be used adversely against the party making the offer.").

Finally, the reference to an alleged off-duty incident involving the Plaintiff's brother, but not the Plaintiff himself, is irrelevant to this case and should not be considered herein.

Based on the foregoing, the Court finds that the references in the Complaint to the EEOC administrative process; to the EEOC settlement conciliation conference; and the reference to the alleged incident involving the Plaintiff's brother were improper and orders that all such references ARE HEREBY STRICKEN FROM THE RECORD in this case.

This the ___ day of _____, 2023.



_____
JUDGE, WARREN CIRCUIT COURT, DIV. I

Entered          23-CI-00755   09/15/2023   Brandi Duvall, Warren Circuit Clerk

DISTRIBUTION:

_____   Joseph D. Gaines
         Gorski Law Office, PSC
         161 St. Matthews Avenue, Suite 7
         Louisville, KY 40207

_____   A. Nicholas Naiser
         Naiser Law Office
         600 West Main Street, Suite 500
         Louisville, KY 40202

_____   Thomas N. Kerrick
         Matthew P. Cook
         Kerrick Bachert, PSC
         1025 State Street
         Bowling Green, KY 42101

143DE2A5-67FD-483A-85BF-23BA466C8574 : 000003 : 000003

OG : 000003 of 000003

Entered 23-CI-00755 09/15/2023 Brandi Duvall, Warren Circuit Clerk

**WARREN CIRCUIT COURT**
**CIRCUIT DIVISION ONE (1)**
**NO. 23-CI-00755**

_**Electronically Filed**_

**MATTHEW B. IRVIN**                                                    **PLAINTIFF**

**vs.**                                    **ORDER**

**BOWLING GREEN POLICE DEPARTMENT, et al.**            **DEFENDANTS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Upon Plaintiff's Motion to file Amended Complaint, and the Court being sufficiently advised,

**IT IS HEREBY ORDERED** Plaintiff's Motion to File Amended Complaint is GRANTED and the Amended Complaint is hereby filed of record.

This the ____ day of _____, 2023.

/s/ HON. JOSEPH B. HINES
electronically signed
9/15/2023 3:42:14 PM CT

_____
JUDGE, WARREN CIRCUIT COURT, DIV. I

Entered 23-CI-00755 09/15/2023 Brandi Duvall, Warren Circuit Clerk